Bertha Martin, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

420

Argued September 11, 1978, before Judges WIL-KINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Adam K. Jerehian, Jr.*, with him *Robert E. Slota*, and *Murphy & Slota*, for petitioner.

*Bernadette Duncan*, Assistant Attorney General, with her *Gerald Gornish*, Attorney General, for respondent.

OPINION BY JUDGE ROGERS, November 8, 1978:

Bertha M. Martin, who retired from her employment, applied for and had received $3625 in unemployment compensation benefits when the Bureau of Employment Security on information received determined that she was ineligible to receive compensation and terminated benefits.[1] On Bertha M. Martin's ap-

---

[1] The benefits received by Ms. Martin were declared to be no-fault overpayments, subject only to limited recoupment from possible future benefits due Ms. Martin, pursuant to Section 804(b) of the Unemployment Compensation Law, Act of Dec. 5, 1936, Second Ex. Sess. (1937), P.L. 2897, *as amended*, 43 P.S. §874(b).

peals, a referee after hearing entered a decision upholding the action of the Bureau of Employment Security and the Unemployment Compensation Board of Review affirmed the referee's decision. Bertha M. Martin has filed this further appeal.

Because of the events about to be briefly recounted, the issue of this case is not the propriety of the decisions of the unemployment compensation authorities but whether those authorities abused a sound discretion in not granting a continuance of the referee's hearing.

Ms. Martin had an attorney of record from the outset of this case. The notice of the referee's hearing to be conducted on October 12, 1976 was mailed to her attorney of record on October 5, 1976. At about 9:15 o'clock A.M. on the morning of the hearing, October 12, 1976, another attorney, an associate in the office of Ms. Martin's attorney of record, called the referee by telephone at the hearing place in Norristown, Pennsylvania and requested that the hearing be continued. Although the record is not very informative as to what was said in this conversation, the associate apparently gave as the reason for the request for continuance the conflicting engagement of the attorney of record in the Federal District Court. The referee did not continue the hearing but he did call the employer's offices intending to convey the fact of the request to that side of the litigation, only to be told that the employer's party, which consisted of an attorney and witnesses, had left the offices and were on their way to the hearing. Later that morning, at the hearing room, the associate of Ms. Martin's attorney of record appeared and stated that she would "like it officially in the record that [the attorney of record] could not be present today because he is in Federal District Court, and he did not want his client to be here without him. So I am just going to sit in at the hearing." The employ-

er's case consisted of the testimony of the manager of the activity in which Bertha Martin was engaged in her employment. At the conclusion of this witness's testimony the referee asked the associate of Ms. Martin's attorney of record whether she had any questions. The reply was "No comment." This, and the statement just quoted, constituted the entire activity of Ms. Martin's attorney's associate. It is particularly noted that no request for a continuance was made in behalf of Ms. Martin at the hearing.

The appellant contends in general terms that the referee abused his discretion in not granting a continuance. The safer assumption would seem to be that she asserts that the abuse of discretion lay in refusing the request for continuance made by telephone on the morning of the hearing, since the record shows no request made at the time and place of the hearing. Surely it is no abuse of a referee's discretion to refuse a party's telephonic request for a continuance made just before a scheduled hearing and at a time moreover when his adversary is actually on the way to the hearing place. Even if the charge is that the refusal of a continuance took place at the hearing, somehow by implication, we nevertheless still discern no clear showing of an abuse, which the law requires. *Cotter v. State Civil Service Commission,* 6 Pa. Commonwealth Ct. 498, 297 A.2d 176 (1972). Neither at the hearing, nor at any time since, did counsel tell the unemployment compensation authorities, or indeed this court, when the scheduling conflict first became known to him, what the nature of his engagement in the District Court was, or any other particular of the alleged conflict.

The appellant relies principally on *Budget Laundry Co. v. Munter,* 450 Pa. 13, 298 A.2d 55 (1972), a case clearly distinguishable on the facts. There the action complained of was that of the refusal of a re-

quest for continuance of a trial made in behalf of an attorney, who the court had earlier been told was the only person who could try the case, and who when the request was made was actually on trial in another court.

The appellant's complaint concerning the shortness of notice of the hearing is without merit since the seven days' notice admittedly given is that prescribed by regulation found at 34 Pa. Code, §101.23. Equally meritless is appellant's due process argument based on the alleged denial of a fair hearing by reason of the absence of effective counsel. *See Johnson v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 220, 321 A.2d 728 (1974).

We affirm the order below.

ORDER

AND NOW, this 8th day of November, 1978, the order of the Unemployment Compensation Appeal Board is affirmed.