Bethlehem Mines, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 6, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Phillip J. Binotto, Jr., Greenlee, Richman, Derrico & Posa,* for petitioner.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, May 6, 1983:

This is an appeal by Bethlehem Mines, Inc. from a decision of the Unemployment Compensation Board of Review which affirmed the decision of a referee to grant unemployment compensation benefits to William B. Ursic. We affirm.

William B. Ursic (Claimant) had been employed by Bethlehem Mines (Employer) for a period of over twenty-nine years when he was discharged for alleged misconduct on June 18, 1980. Claimant filed for unemployment compensation, and the Bureau of Employment Security (Bureau) determined that Claimant was ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law.[1] Claimant appealed from this determination, and a hearing was held before a referee on August 11, 1980. On August 12, 1980, the referee issued a decision reversing the Bureau and granting benefits to Claimant. The Employ-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

er appealed this decision to the Board which affirmed the decision of the referee. Appeal to this Court followed.

The parties do not disagree that the referee's findings of fact are supported by substantial evidence contained in the record of the hearing. Instead, the only issue before this Court is whether the referee properly denied the Employer's request for a continuance. The grant or refusal of a request for a continuance in an unemployment compensation hearing is not a proper subject of review without a clear showing of an abuse of discretion. *Martin v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 419, 393 A.2d 514 (1979). Furthermore, the power to grant a continuance is controlled by the following administrative regulation:

> (a) Continuance of a hearing shall be granted only for proper cause and upon such terms as the tribunal may deem proper. The inability of a party to attend a hearing because he received less than seven days notice shall be deemed proper cause for continuance of a hearing.

> (b) Within the discretion of the tribunal, a continuance shall not, however, be granted merely because of the absence of a witness, unless it appears that the testimony and evidence he could give would be competent and relevant to the issues involved and that such information is essential to a proper determination of the case.

34 Pa. Code §101.23. Considering our limited scope of review and based upon our study of the record, we are convinced that the referee's decision to deny the Employer's request for a continuance is neither the result of an abuse of discretion, nor inconsistent with the regulation.

At the hearing the Employer had the affirmative burden since it alleged that Claimant was discharged for willful misconduct. *See Miller v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 102, 445 A.2d 1372 (1982). Soon after the Employer's witness, Phillip Williams, began to testify, Claimant's attorney entered a hearsay objection. Mr. Williams responded by requesting a continuance. The referee denied this request explaining that the hearing notice clearly indicates that only firsthand testimony is acceptable.[2] A short time later another hearsay objection was entered. Mr. Williams responded in the following manner:

> I would like to have this proceeding terminate at this point until such time that we can bring our lawyers to represent us and also present firsthand information other than what I'm giving you right now.

The referee again denied the request stating that he saw "no cause that would warrant it at this point." In response to the referee's ruling, Mr. Williams indicated that he would not continue but rather would take the proper steps to appeal. Despite the referee's encouragement to continue his testimony, Mr. Williams decided not to continue, choosing instead to "let the chips fall where they will." At this point, Claimant presented his case after which the hearing was concluded.

---

[2] The Notice of Hearing contains the following information: *AN INTERESTED EMPLOYER SHOULD ARRANGE TO HAVE THE PARTICULAR PERSON APPEAR AT THE HEARING WHO HAS FIRSTHAND KNOWLEDGE OF WHAT WAS SAID OR DONE IN CONNECTION WITH THE CLAIMANT'S UNEMPLOYMENT. A PERSON WHO CAN ONLY TESTIFY AS TO WHAT HE WAS TOLD BY SOMEONE ELSE, IS PRESENTING HEARSAY TESTIMONY AND SUCH TESTIMONY ALONE MAY NOT BE UTILIZED IN MAKING A PROPER DETERMINATION.*

190

Before the Court, the Employer argues that the referee's denial of its request for a continuance resulted in a denial of its due process rights and its right to a fair hearing. We disagree. There is no dispute that the Employer received notice of the requirement to provide firsthand testimony nor is there any suggestion that the employer misunderstood this notice. There is no alternative but to conclude that the Employer chose to ignore or disregard the notice. Clearly, it is the Employer's conduct, rather than the referee's ruling, which has placed the Employer in the situation it now finds itself. Furthermore, Mr. Williams' testimony reveals that the Employer routinely consults its attorney concerning the termination of an employee. In fact, the record indicates that this routine was followed in the case at bar. The Employer does not explain, and we are at a loss to understand, how (considering this routine) the Employer was unprepared before the referee. Finally, Mr. Williams does not reveal the identity of the persons who can offer firsthand testimony, the essence of the information they would provide, or the circumstances or hardship which caused their absence. Certainly, without the benefit of such information, the referee was bound to deny the Employer's request for a continuance. 34 Pa. Code §101.23(b). Therefore, since there is no evidence to suggest that the referee abused his discretion, we affirm the order of the Board.

ORDER

Now, May 6, 1983, the order of the Workmen's Compensation Appeal Board at B-188800, dated October 20, 1980, is hereby affirmed.

AMENDED ORDER

The Order of this Court previously entered on May 6, 1983, is hereby amended to read as follows:

The order of the Unemployment Compensation Board of Review at B-188800, dated October 20, 1980, is hereby affirmed.