Orville E. Steadwell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 6, 1983, to President Judge CRUMLISH, JR., and Judges WILLIAMS, JR., and BARBIERI, sitting as a panel of three.

*Orville E. Steadwell,* petitioner, for himself.

*Richard Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., August 19, 1983:

Orville E. Steadwell (claimant) appeals from the decision of the Unemployment Compensation Board of Review that he is ineligible for unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law.[1]  The Board

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).  Under this section, a claimant is ineligible for benefits for any week in which his unemployment is due to willful misconduct connected with his work.

denied benefits on the ground that the claimant, a child-care worker at a residence for delinquent boys, breached employer rules and engaged in unprofessional behavior by having women in unauthorized areas in the residence, by attempting to use residents of the school to procure for him sexual favors from their relatives, and by promising favorable treatment for a school resident in exchange for sexual favors from the resident's mother.

The claimant does not base his appeal on a challenge to the merits of the Board's decision. Rather, he asserts that the referee abused his discretion and denied him due process of law in refusing to grant a continuance of the hearing. He contends that denial of a continuance deprived him of the opportunity to testify on his own behalf. He requests that we vacate the decision and order of the Board, and remand this case for a new hearing.

Because the claimant challenges the adequacy of the hearing process, we must set forth the rather lengthy procedural history of this case. The claimant applied for benefits on July 6, 1980. By a decision dated September 3, 1980, the Office of Employment Security approved the application and began issuing benefits to the claimant. The employer, St. Gabriel's Hall System, filed a timely appeal; and a hearing before an unemployment compensation referee was scheduled for October 22, 1980. On the hearing date, several witnesses appeared on behalf of the employer; the claimant appeared with counsel. The referee was unable to complete the testimony on that date, and continued the case for further hearing.

The hearing was reconvened on November 17, 1980. On that occasion, the employer was represented by counsel. The claimant and his counsel arrived late for

the hearing, allegedly because counsel was engaged in court on another case. The claimant's counsel demanded that the hearing start anew on the ground that testimony was taken prior to his arrival. The referee denied the request, but played back the audio tape of the hearing so that the claimant's counsel could adequately pose objections and cross-examine the employer's witnesses. The employer completed its case, at which point, the claimant's counsel sought a continuance in order to subpoena witnesses. The request for continuance was granted over the objection of the employer's counsel.

The continued hearing was scheduled for December 8, 1980. However, on November 26, 1980, the employer's attorney notified the referee and the claimant's counsel that he was scheduled to begin a trial in Common Pleas Court on December 8th, and requested a continuance. Accordingly, the continued hearing was reconvened on December 15, 1980. The employer's counsel was present; however, neither the claimant nor his counsel appeared. A hearing stenographer from the referee's office testified as follows regarding conversations she had with the claimant's counsel on December 12, 1980, and with the claimant on the morning of the hearing date. She testified that at about 4:55 p.m. on Friday, December 12th, the claimant's counsel telephoned the referee's office and requested a continuance of the hearing scheduled for Monday, December 15th, at 2:00 p.m. According to the stenographer, counsel stated that he needed a continuance because of the unavailability of a witness he planned to call to testify. The stenographer stated that she advised counsel that the referee was not in the office and that she was not authorized to grant a continuance. She promised to speak to the referee first thing Monday

morning, and that she would notify counsel of the referee's response to his request. On Monday morning, the stenographer related the request for a continuance to the referee. The referee stated that he would deny the request because of the number of continuances which had already occurred in the case, and the shortness of the notice of the request. At approximately 9:00 a.m., the stenographer telephoned the office of the claimant's counsel and reported that the request for a continuance was denied. According to the stenographer's testimony, the claimant's counsel's secretary called at about 12:50 p.m. on the date of the hearing and stated that the claimant was ill and would be unable to attend. Furthermore, counsel's secretary said that the claimant's attorney could not attend because he was in court on another case. Thereupon, the referee's stenographer telephoned the claimant, who stated that he told his attorney about his illness the preceding week, and that his attorney said "Well, we won't tell them that . . . I'll tell them we can't get a witness." The stenographer told the claimant that the hearing would be reconvened as scheduled at 2:00 p.m., and that he should contact his attorney. Following this testimony, the referee, on the record, denied a continuance. Without any further evidence, he reversed the decision of the Office of Employment Security, and denied benefits pursuant to Section 402(e). The claimant filed a timely appeal, asserting a denial of a fair hearing. The Board of Review, without explicitly addressing the procedural issue, affirmed the denial of benefits. This appeal followed.

We begin with an inquiry into whether the referee abused his discretion by denying the requested continuance. It is well settled that we may overrule the

judgment of the referee as to whether or not to grant a continuance only if there has been "a clear showing of an abuse of discretion." *Bethlehem Mines v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 186, 459 A.2d 72 (1983); *Martin v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 419, 393 A.2d 514 (1978). Furthermore, it is clear on the face of the regulations which govern administrative procedure within the unemployment compensation system that a referee's authority to grant continuances is limited to circumstances where good cause has been demonstrated:

(a) Continuance of a hearing shall be granted only for proper cause and upon such terms as the tribunal may deem proper. The inability of a party to attend a hearing because he received less than seven days notice shall be deemed proper cause for continuance of a hearing.

(b) Within the discretion of the tribunal, a continuance shall not, however, be granted merely because of the absence of a witness, unless it appears that the testimony and evidence he could give would be competent and relevant to the issues involved and that such information is essential to a proper determination of the case.

34 Pa. Code §101.23. A careful weighing of the procedural history of this case against the above standards leads us to conclude that no abuse of discretion occurred.

Even ascribing some veracity to any of the various reasons given by the claimant and his counsel for requesting a continuance, there is no suggestion in the record or the claimant's brief as to why the request

could not have been made before 5:00 p.m. on the last business day before the hearing. *See Martin,* 38 Pa. Commonwealth Ct. at 422, 393 A.2d at 515. If the reason for requesting a continuance was the unavailability of a witness—a reason which is questionable in light of the claimant's conversation with the referee's stenographer—the referee was not authorized to grant a continuance because the claimant's counsel failed to make the necessary showing that the witness' testimony would be competent, relevant and essential to a proper determination of the case. 34 Pa. Code §101.-23(b); *Bethlehem Mines.* Indeed, he did not even identify the witness. Furthermore, once the referee had heard testimony relating the conflicts between the claimant's and his counsel's explanations for the reason for a continuance, he was more than justified in denying the request.

Similarly, we find no merit in the claimant's contention that he has been denied due process of law. A claimant's interest in due process does not afford him a right to never-ending hearings. *See Bethlehem Mines* (denial of request for continuance made at time of hearing not a denial of due process where employer was advised in hearing notice to have first-hand witnesses available to testify). Nor do due process standards guarantee him a right to a continuance, even for good reason, if he fails to request it in a timely fashion or in a manner consistent with reasonable procedural rules. Furthermore, if the claimant did, in fact, participate or acquiesce in a decision by his counsel to misrepresent the truth in order to obtain a continuance, due process affords no protection against the adverse consequences of that decision. Any diminishment of the claimant's opportunity to defend his claim for benefits was due to his own actions or

446

those of his attorney, and not to any inadequacy in the process the claimant was given. We therefore affirm the order of the Board.

ORDER

AND Now, this 19th day of August, 1983, the order of the Unemployment Compensation Board of Review at Decision No. B-192538 is affirmed.