Gary C. Bennett, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 6, 1983, to Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Pamela Pershing,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, January 20, 1984:

Gary C. Bennett (Claimant) appeals the decision of the Unemployment Compensation Board of Review (Board) reversing a referee's decision and denying benefits by reason of its determination that Claimant was discharged for willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law.[1]

It appears from our review of the record of this case that the Office of Employment Security denied

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant benefits based on a finding of willful misconduct. Claimant filed a timely appeal with the referee. The referee initially scheduled a hearing to be held on April 6, 1982. Employer requested a continuance because no one with firsthand testimony would be available until after April 11, 1982. The referee granted the continuance and rescheduled the hearing for April 12.

At the hearing, Claimant testified that he was employed as a unit manager of the Charlie Chan Restaurant (Employer). David Fowler, an area supervisor for Employer, who was not Claimant's immediate supervisor and who had no firsthand knowledge of the events, testified that he received a memo from Joe Gioiosa stating that Claimant had taken $40.00 out of the change fund at the restaurant for his personal use and that he was informed that Claimant had been discharged because of the missing money. Claimant, and Claimant's witness, testified that Claimant's immediate supervisor, Joe Gioiosa, had given Claimant permission to borrow this money due to Claimant's personal financial emergency. Claimant also testified that on another occasion he had received permission from Mr. Gioiosa to borrow money from this fund. Claimant admitted he was told by Mr. Fowler to replace the $40.00 or his failure to do so would be considered a violation of company policy. Claimant informed Fowler that he did not have the money to reimburse the fund at that time but planned to return the money out of his next pay or as soon as he could. Claimant testified that he was laid off, not fired.

Throughout the hearing, the referee properly confined Fowler's testimony to his own personal knowledge and disallowed Mr. Fowler's hearsay statements concerning the events which occurred between Claimant and Gioiosa. The referee stated in the course of the hearing that it was the Employer's responsibility

to send a person with firsthand knowledge to testify at the initial hearing.[2]

The referee found that Claimant's discharge was not attributable to willful misconduct and awarded Claimant benefits. The Board affirmed that decision.

Employer then filed a request for reconsideration, stating that Claimant's immediate supervisor, Mr. Giosiosa, was unable to attend the initial hearing and that his firsthand testimony would "win the case". The Board vacated its own decision and ordered the case reopened. It referred the matter to the referee for the taking of additional testimony.

Another hearing was conducted and based upon the testimony of Gioiosa, the Board reversed the referee and denied benefits. The Board found that Claimant did not have authorization to borrow the money and therefore, Claimant's action constituted willful misconduct.

Claimant contends in this appeal that the Board abused its discretion when it granted the Employer's request for reconsideration. We agree. The Board's regulations provide that it may grant a request for reconsideration and rehearing where there is "good cause" and that the ruling of the Board with respect to such request shall be subject to review in connection

---

[2] The referee at the initial hearing stated:

The problem we have here, on the Notice of Hearing it does tell the employer that even though either party may have supplied the Office of Employment Security with certain information it is necessary that both appear at the hearing and bring all pertinent information. An interested employer should arrange to have the particular person appear at the hearing who has firsthand knowledge of what was said or done in connection with the Claimant's unemployment. A person who can only testify as to what he was told by someone else, is presenting hearsay testimony and such testimony alone may not be utilized in making a proper determination . . . so try to keep your testimony to what you know, not what somebody else told you.

with any further appeal to this Court.[3] In *Flanagan v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 120, 407 A.2d 471 (1979), we held that the Board did not have good cause for granting employer's request for a rehearing, when employer failed to assert a reason for not appearing at the initial hearing. We stated that we "strongly condemn such an arbitrary and cavalier disregard of the procedures framed for expeditious disposition of employment compensation claims". *Id.* at 124, 407 A.2d at 473. In the case *sub judice,* we have previously noted that the hearing scheduled for April 6, 1982 was continued to April 12 at Employer's request for the specific purpose of having someone present who had firsthand knowledge of the events. As we have also noted, the Employer's representative at that hearing had no firsthand knowledge. When an employer does not act in the prescribed manner to protect its own interest, the Board has no good cause to order a rehearing. *Medical College v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 411, 414, 429 A.2d 1270, 1271 (1981). Even after the referee had advised Mr. Fowler of his precarious position since he had no firsthand knowledge of the events leading to the alleged discharge of Claimant, Fowler did not request a further continuance for the purpose of presenting a witness who would have that knowledge. We hold there was no good cause for the Board to order a rehearing under the circumstances of this case.

We reverse.

### ORDER

The order and decision of the Unemployment Compensation Board of Review, No. B-206412-B, dated August 30, 1982 is reversed and we remand for computation of benefits.

---

[3] 34 Pa. Code §101.111(b).