Marsha Conrad, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 6, 1984, to Judges DOYLE, PALLADINO and BARBIERI, sitting as a panel of three.

*Ronald F. Brien,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, July 17, 1984:

Marsha Conrad (Claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which found her to be disqualified by the provisions of Section 402(e) of the Unemployment Compensation Law[1] from receiving unemployment compensation benefits since she had been discharged from her employment for willful misconduct. We reverse and remand.

The sole question raised in this appeal is whether the referee abused his discretion by not granting Claimant a brief continuance.

Section 101.23 of Title 34 of the Pennsylvania Code, the administrative regulation pertaining to the granting of continuances in unemployment compensation proceedings, reads as follows:

> (a) Continuance of a hearing shall be granted only for proper cause and upon such

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

terms as the tribunal may deem proper. The inability of a party to attend a hearing because he received less than seven days notice shall be deemed proper cause of continuance of a hearing.

(b)  Within the discretion of the tribunal, a continuance shall not, however, be granted merely because of the absence of a witness, unless it appears that the testimony and evidence he could give would be competent and relevant to the issues involved and that such information is essential to a proper determination of the case.

On appeal, "[i]t is well settled that we may override the judgment of the referee as to whether or not to grant a continuance only if there has been 'a clear showing of an abuse of discretion.'" *Steadwell v. Unemployment Compensation Board of Review*, 76 Pa. Commonwealth Ct. 439, 443-444, 463 A.2d 1298, 1300 (1983) (quoting *Bethlehem Mines v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 186, 188, 459 A.2d 72, 73 (1983)).

Here, the record shows that Claimant received a notice of hearing form indicating that her referee's hearing was scheduled for 1:30 p.m. on January 28, 1983, and that she was present, but without her attorney, at the beginning of this hearing. After various exhibits were offered into evidence, the following colloquy occurred between the referee and Claimant:

C:  Ah, I don't know when I was supposed to do this, but my attorney was, had called and you were running late and he expected that it would be 3:00 or so and he wasn't going to be here until 2:30. So, I . . .

R:  I might have been running late in the morning, but I haven't been running late this afternoon. I received a call from an attorney

seeking a continuance, because he allegedly was in court.

C: Right.

R: And that call was received about 11:00 this morning. I will not grant a continuance at that late date. OK, then anything I say is going to have to be protested.

C: OK, then anything I say is going to have to be protested.

R: You may protest all you want. I can't take, there is no possible way I can continue a hearing at that late, with that late a request. The attorney has overextended himself, I'm sorry, I can't do anything about it. He knew when the hearing was quite obviously. He called about 2 and one half hours before the scheduled time and place, the scheduled time of hearing. The request for a continuance is denied.

Under the circumstances of this case we believe the referee clearly abused her discretion by failing to grant a brief continuance. Although the Board alleges in its brief that Claimant's attorney requested an indefinite continuance when he called at 11:00 a.m. on the day of the hearing, and that he didn't specify why he could not have requested a continuance earlier, it is clear from the above colloquy that at the time of the hearing Claimant's attorney was en route to the hearing and would arrive in less than an hour. Nor is there any evidence of record indicating that delaying the hearing for less than an hour would have prejudiced the employer in any manner. This case is therefore distinguishable from *Martin* where the request was for a continuance until another day, and was not made until the employer and his witness were already en route to the referee's hearing. We shall accordingly reverse and remand.

36

Now, July 17, 1984, the order of the Unemployment Compensation Board of Review, Decision No. B-216181, dated March 24, 1983, is hereby reversed, and the record in this case is hereby remanded to the Board so that a new hearing may be conducted to determine Marsha Conrad's eligibility for benefits. Jurisdiction relinquished.

Judge PALLADINO dissents.