525 A.2d 450

Dennis Viglino, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 23, 1987,

*Mark L. Newman,* for petitioner.

No appearance for respondent.

*James A. Matthews, Jr.,* with him, *Thomas S. Giotto, Morgan, Lewis* & *Bockius,* for intervenor, Consolidated Freightways, Inc.

OPINION BY SENIOR JUDGE BARBIERI, May 5, 1987:

Dennis Viglino (Claimant) appeals an order of the Unemployment Compensation Board of. Review (Board) which affirmed a referee's decision finding him ineligible for unemployment compensation benefits on account of willful misconduct.[1]

Claimant was employed as a dockman with Consolidated Freight when he was discharged for insubordination. We granted the employer's petition for leave to intervene.

On October 24, 1985, Claimant directed a vulgar and derogatory remark towards his dock foreman as they were passing each other on the dock. The foreman requested that Claimant repeat the remark, which he did. An altercation ensued, the details of which are characterized by conflicting testimony.

The Board issued its own findings which were substantially similar to those of the referee. Both the referee and the Board found that the Claimant made the vulgar remark and that the Claimant refused to accompany the foreman to the assistant terminal manager's office because he was on his lunch break. However, the Board did not adopt the referee's finding that after the Claimant repeated the vulgar remark the foreman shoved him and then hit him twice when he refused to go see the assistant terminal manager. Rather, the Board found that, responding to the vulgar remark, the foreman told Claimant to go to the assistant terminal

---

[1] Section 402(e) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

manager's office. It then found that Claimant slammed the foreman against the wall and the foreman punched the Claimant in the stomach in self-defense.

Both the referee and the Board found claimant's separation from employment to be for willful misconduct in that the Claimant was insubordinate to the foreman and his actions were without adequate justification.

On appeal, Claimant contends that: (1) the referee abused his discretion and denied him due process of law in refusing to grant a continuance of the hearing; (2) the decision of the referee is not supported by substantial evidence; and (3) the Board improperly altered the referee's findings of fact without specifying its reasons for doing so.[2] We will address each of these contentions in turn.

The hearing before the referee was held on December 13, 1985. On December 10, 1985, Claimant's attorney, who was experiencing some difficulty in gathering witnesses, requested a continuance, which the referee denied on the record. Again, immediately before the hearing, Claimant's attorney allegedly requested a continuance because of inclement weather and because Claimant and one of his witnesses were not present. This request was not placed on the record. Claimant did in fact appear and testify. The witness did not appear at the hearing, but his notarized statement was entered into evidence.

It is well settled that we may overrule the judgment of the referee as to whether or not to grant a continu-

_____

[2] Our scope of review is limited by Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. We must affirm the Board's adjudication unless a party's constitutional rights were violated, or there was an error of law, or necessary findings of fact are not supported by substantial evidence. *Wurster v. Unemployment Compensation Board of Review,* 102 Pa. Commonwealth Ct. 417, 518 A.2d 350 (1986).

ance only upon a clear showing of an abuse of discretion. *Bethlehem Mines v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 186, 459 A.2d 72 (1983). The regulations which govern administrative procedure within the unemployment compensation system provide that a referee is only authorized to grant a continuance upon a showing of good cause:

(a) Continuance of a hearing will be granted only for proper cause and upon the terms as the tribunal may consider proper. The inability of a party to attend a hearing because he received less than 7 days notice will be considered proper cause for continuance of a hearing.

(b) Within the discretion of the tribunal, a continuance will not, however, be granted merely because of the absence of a witness, unless it appears that the testimony and evidence he could give would be competent and relevant to the issues involved and that the information is essential to a proper determination of the case.

34 Pa. Code §101.23. Particularly since the Claimant failed to make the required showing that the testimony of an absent witness would be competent, relevant, and essential to a proper determination of the case, the referee did not abuse his discretion in refusing to grant a continuance upon either request.

We have held that due process does not guarantee a claimant a right to never-ending hearings. *Steadwell v. Unemployment Compensation Board of Review,* 76 Pa. Commonwealth Ct. 439, 463 A.2d 1298 (1983). The Claimant was present at the hearing and testified. A co-worker testified on Claimant's behalf and Claimant's counsel submitted notarized statements from three (3) of Claimant's co-workers who witnessed the altercation with the foreman. We find that Claimant was provided with an adequate opportunity to be heard; and, there-

fore, the referee's refusal to grant the requests for a continuance did not amount to a denial of due process.

Claimant next contends that the referee's findings were not supported by substantial evidence. Where, as here, the Board makes its own findings of fact, it is the Board's determination, rather than the referee's, which is subject to our review. *E. T. Systems Corporation v. Unemployment Compensation Board of Review*, 95 Pa. Commonwealth Ct. 230, 504 A.2d 992 (1986).

In support of its conclusion that Claimant's separation from employment was for willful misconduct, the Board found that the unprovoked obscenity and Claimant's refusal to go to the assistant terminal manager's office constituted unjustified insubordination. Although the evidence concerning the altercation is contradictory, the Board's findings are fully supported by the testimony of the foreman. It is the province of the Board to resolve conflicts in the evidence and to assess witness credibility. *Roach v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977).

Further, this Court has held that abusive language directed at a supervisor and insubordination evidences a disregard of the standard of behavior that an employer expects of an employee. *Nesmith v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 579, 402 A.2d 1132 (1979). Even a single instance of vulgarity addressed to and unprovoked by a supervisor may support a finding of willful misconduct. *Losch v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 94, 461 A.2d 344 (1983).

Claimant argues that his refusal to accompany the foreman to the assistant terminal manager's office was justified in light of the referee's findings that the foreman had lost his temper and shoved the Claimant prior to making the request. It is true that if an employee has good cause for refusing to comply with a directive of the

employer, the refusal does not constitute willful misconduct. *Tisak v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 399, 424 A.2d 635 (1981). However, our scope of review is limited to the Board's decision in this case; and the Board's findings support a determination that the Claimant's refusal to accompany the foreman to the assistant terminal manager's office was unjustified under the circumstances.

We, therefore, hold that there *is substantial evidence* on the record to support the Board's findings and that those findings support a determination of willful misconduct.

Claimant's last contention is that the Board erred by substituting its findings for that of the referee without explanation. It is true that our Supreme Court has held that the Board may not disregard a referee's findings based upon consistent and uncontradicted testimony without stating its reasons for doing so. *Treon v. Unemployment Compensation Board of Review,* 499 Pa. 455, 453 A.2d 960 (1982). However, the Board need not explain the reversal of a referee's findings based upon a credibility determination where there is conflicting testimonial evidence on point if its reasons for reversing are plain from the record and adequate to permit effective judicial review. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

The evidence concerning the altercation was conflicting and it is clear that the Board's findings were based on the foreman's testimony. The Board, being the final arbiter of witness credibility, *Rodrigques v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 362, 427 A.2d 1255 (1981), did not err by substituting its findings for those of the referee.

Having disposed of Claimant's contentions in favor of the Board, we affirm its order.

ORDER

AND NOW, this 5th day of May, 1987, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.