IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tara R. Coddington,  :
              Petitioner  :
                :
        v.  :  No. 716 C.D. 2015
           :  Submitted: November 6, 2015
Unemployment Compensation Board  :
of Review,  :
             Respondent  :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE MARY HANNAH LEAVITT, Judge[1]
             HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE LEAVITT                      FILED: February 19, 2016


        Tara Coddington (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) denying her claim for benefits. The Board held that Claimant was ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law)[2] because she did not have a necessitous and compelling reason to quit her job. For the reasons that follow, we affirm.

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[2] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). Section 402(b) provides, *inter alia*, that "[a]n employe shall be ineligible for compensation for any week … [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature...." 43 P.S. §802(b).

Claimant worked as a recovery coordinator for the Center for Organ Recovery (Employer) from April 1, 2012, until July 2, 2014, at a final rate of pay of $21.96 per hour. On November 12, 2013, Claimant sustained an injury at work, prompting Claimant to file a workers' compensation claim[3] and take a medical leave of absence. On May 13, 2014, Claimant underwent an Independent Medical Examination (IME) by a physician, and he concluded that Claimant could return to work without restrictions. However, on June 2, 2014, Claimant's personal physician examined Claimant and concluded that Claimant was not completely recovered. Claimant's personal physician authorized Claimant to accept light-duty work only. Employer received both medical reports.

On June 5, 2014, Claimant returned to work. At the request of Employer, Claimant signed a statement outlining the terms of her employment, including the ability to work full-duty. Thereafter, Claimant completed two shifts. However, when Employer called Claimant on June 23, 24, 26, and 30, 2014, to give her assignments, Claimant did not answer or call Employer back.[4] Because Employer could not reach Claimant, Employer could not assign her work. Employer also sent Claimant a certified letter requesting that she be available to work on June 30, 2014. The letter was accepted, but Claimant did not respond or appear for work on that date. Accordingly, on July 2, 2014, Employer sent Claimant a letter stating it considered Claimant's failure to respond to any calls or the certified letter a resignation.

---

[3] The results of this claim are still pending.

[4] Employer uses a scheduling system where employees are considered "on-call" until a case is assigned to them and they are scheduled to work specific dates. When Employer calls a scheduled employee with a case, the employee is expected to respond and come into work.

On November 5, 2014, Claimant applied for unemployment benefits. The UC Service Center sent Claimant a Notice of Determination on February 2, 2015, stating that she was eligible to receive unemployment benefits. Employer appealed the determination, and a hearing was scheduled for March 2, 2015. Claimant did not attend the hearing. Thus, Claimant did not challenge the testimony of Chris Duckett, Employer's Associate Director of Human Resources, who testified on behalf of Employer before the Referee. Duckett testified:

> [Claimant] failed to return any of [our] phone calls over the course of a week for her normal scheduled shifts. Not only did she not call us -- she didn't call us to say she couldn't work. She didn't call us to say she, you know, was unable to work. She simply did not return any phone call whatsoever.

Notes of Testimony, March 2, 2015, at 7 (N.T. __). He continued:

> [H]ad [Claimant] actually responded to any of the phone calls, she would still be an employee of [Employer]. It was not our hope that she would leave. In fact, our goal was to have her return from her injury with no issues whatsoever and be ready to work. She was given a full-duty release by a physician.… We attempted multiple times to reach [her] to offer her work and offer employment, and she did not … return any phone call[s], whatsoever. In fact, for a period of almost two months, we didn't hear from her. So, you know, at that point, we consider her to have voluntarily resigned her position. And, whether, you know, she had a reason or not, I mean, the fact that she has not returned any phone call whatsoever to say or to close that loop or indicate that she was unable to work or anything along those lines shows that she abandoned her position; that she chose to leave with no good cause. She accepted a position to come back to work, and then she walked away from it.

N.T. 11.

On March 4, 2015, the Referee issued a decision finding in favor of Employer. The Referee held that Claimant was ineligible for benefits under Section 402(b) of the Law because she did not have a necessitous and compelling reason to leave her employment. On April 16, 2015, the Board affirmed the decision of the Referee. The Board explained:

> The Board credits the IME physician, who released [C]laimant to full-duty work. The [C]laimant returned to full duty for two days and did not notify [Employer] of any issues or pain. Further, [C]laimant did not communicate to [Employer] her desire to work light duty rather than full duty. [Employer] credibly testified that there were no issues for the two shifts that [C]laimant worked.

Board Adjudication at 2. Claimant then petitioned for this Court's review.

On appeal,[5] Claimant contends that the Board erred by not remanding the matter to the Referee so that Claimant could offer evidence in support of her position. In the alternative, Claimant contends that the Board erred in concluding that Claimant lacked a necessitous and compelling reason to resign. The Board counters that a remand is not warranted because Claimant's negligence is the reason she missed the hearing. Further, because Claimant did not submit evidence at the hearing, Claimant failed to meet her burden of showing that she quit for a necessitous and compelling reason. We agree.

---

[5] Our review is to determine whether the Board's "adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of … [the Administrative Agency Law relating to practice and procedure] have been violated …, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence." *Kirkwood v. Unemployment Compensation Board of Review*, 525 A.2d 841, 843 (Pa. Cmwlth. 1987) (quoting 2 Pa. C.S. §704).

4

Beginning with Claimant's first issue, the relevant Department of Labor and Industry regulation states: "If a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence." 34 Pa. Code §101.51. "[W]here a party fails to appear at a scheduled hearing, the Board may remand the case for an additional hearing only where the Board has made an independent determination that the reasons set forth by the party for its failure to appear constitute proper cause." *Sanders v. Unemployment Compensation Board of Review*, 524 A.2d 1031, 1032 (Pa. Cmwlth. 1987). A "claimant's own negligence is insufficient 'proper cause,' as a matter of law, to justify [her] failure to appear at a referee's hearing and warrant a new hearing." *Savage v. Unemployment Compensation Board of Review*, 491 A.2d 947, 950 (Pa. Cmwlth. 1985).

In her brief to this Court, Claimant explains that she missed the Referee's hearing because she "mixed up [her] days." Claimant Brief at 8. That Claimant "mixed up her days" is, simply, the result of negligence. Because Claimant did not demonstrate proper cause for her nonappearance at the Referee's hearing, the Board correctly denied her request for a remand.

Claimant next contends that the Board erred in concluding that she lacked a necessitous and compelling cause to leave her employment. Claimant argues that she was justified in quitting because her health precluded her from carrying out the duties of her job. "Where a claimant has voluntarily terminated [her] work, the claimant bears the burden of proving that such termination was with cause of a necessitous and compelling nature." *Petrill v. Unemployment Compensation Board of Review*, 883 A.2d 714, 716 (Pa. Cmwlth. 2005) (quoting *Pacini v. Unemployment Compensation Board of Review*, 518 A.2d 606, 607 (Pa.

5

Cmwlth. 1986)). Health problems can provide a necessitous and compelling reason to quit one's employment. *Genetin v. Unemployment Compensation Board of Review*, 451 A.2d 1353, 1355 (Pa. 1982). A claimant asserting health problems as a reason for quitting a job must: (1) offer competent testimony that adequate health reasons existed to justify the voluntary termination; (2) have informed the employer of the health problems; and (3) be able and available to work if reasonable accommodation can be made. *Id*. at 1356.

Under the first prong of *Genetin*, Claimant was required to offer competent testimony that adequate health reasons justified her resignation. However, Claimant did not present evidence. Absent any evidence from Claimant, the Board credited the IME physician who approved Claimant to work full-duty. Moreover, because Claimant failed to challenge any of the Board's findings of fact, those findings are conclusive on appeal. *Salamak v. Unemployment Compensation Board of Review*, 497 A.2d 951, 954 (Pa. Cmwlth. 1985). Thus, we are bound by the Board's finding that Claimant was capable of performing full-duty work and did not have an adequate health reason to justify voluntarily terminating her employment.

Claimant failed to satisfy the second prong of *Genetin* because she did not inform Employer that she was having difficulty meeting the physical demands of her job after returning to work. In fact, Claimant signed a form agreeing that she could function as a full-duty employee.

Finally, Claimant failed to satisfy the third prong of *Genetin,* which required her to be able and available to work with reasonable accommodation. Rather than make herself available, Claimant completely severed ties with Employer by not responding to Employer's repeated phone calls and certified

6

letter, which was accepted. Claimant never gave Employer the chance to offer her a reasonable accommodation and instead chose to remain ignorant of whatever opportunities Employer could have extended.

For all of the foregoing reasons, we affirm the adjudication of the Board.

_____
MARY HANNAH LEAVITT, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tara R. Coddington,                   :
               Petitioner            :
                                 :
       v.                          :   No. 716 C.D. 2015
                                 :
Unemployment Compensation Board  :
of Review,                            :
               Respondent            :

# **O R D E R**

AND NOW, this 19th day of February, 2016, the order of the Unemployment Compensation Board of Review dated April 16, 2015, in the above-captioned matter is AFFIRMED.

                                     _____
                                     MARY HANNAH LEAVITT, Judge