# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Victor Nieves, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 1333 C.D. 2018 |
| | : Submitted: September 10, 2019 |
| Unemployment Compensation | : |
| Board of Review, | : |
| | : |
| Respondent | : |

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                     HONORABLE MICHAEL H. WOJCIK, Judge
                     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                                                    FILED:  October 25, 2019

Victor Nieves (Claimant) petitions for review of the September 12, 2018, order of the Unemployment Compensation Board of Review (Board) affirming a referee's determination and holding that Claimant is ineligible for unemployment compensation (UC) benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1]  Claimant argues that the Board's findings are not supported by substantial evidence and the evidence in the record does not establish willful misconduct.[2]  Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).  This section provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to his discharge from work for willful misconduct connected with his work.

[2] This Court has defined willful misconduct as:

Claimant worked as a dock worker for Olde Goode Things (Employer) from June 25, 2015, until April 12, 2018. Findings of Fact (F.F.) No. 1. After his separation from employment, Claimant applied for unemployment compensation (UC) benefits. Reproduced Record (R.R.) at 2a. The local service center determined that Claimant was ineligible for UC benefits under Section 402(e) of the Law because he was discharged for willful misconduct. *Id.* Claimant appealed, and a referee held a hearing.

At the hearing, Employer offered the testimony of Alvin Fyock, Employer's warehouse manager, who was Claimant's direct supervisor. Fyock testified that Claimant's work schedule was from 9:00 a.m. to 5:30 p.m., Monday through Friday. R.R. at 25a. Fyock stated that on Thursday, April 12, 2018, Claimant was not at his work area at 9:00 a.m. *Id.* at 26a. Fyock began to look for Claimant and found him in the bathroom. *Id.* Fyock directed Claimant to report to his office for a meeting. *Id.* Fyock testified that during the meeting with Claimant, Claimant "got nasty," so Fyock sent him home for the rest of the day. *Id.* Fyock testified that Claimant called him a "shithead" after being told to go home. *Id.* at 26a-27a. Fyock further testified that on Monday, April 16, 2018, when Claimant returned to work, Claimant was terminated from employment because of his use of

---

(1) the wanton and willful disregard of the employer's interests; (2) the deliberate violation of [employer's] rules; (3) the disregard of standards of behavior that an employer can rightfully expect from his employee; or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 606-07 (Pa. Cmwlth. 2011).

2

vulgar language towards Fyock the previous week. *Id.* at 30a. According to Fyock, when Claimant was informed of his termination, he called Fyock a "faggot." *Id.*

Claimant appeared *pro se* and, with the aid of a Spanish-English interpreter, testified that he did not use vulgar language on either Thursday, April 12, 2018, or Monday, April 16, 2018. R.R. at 33a. He said that on Thursday, April 12, 2018, he was in the bathroom due to an upset stomach when Fyock found him. *Id.* Claimant stated that Fyock sent him home that day because he was spending too much time in the bathroom. *Id.* Claimant asserted that he had no disciplinary history for disrespectful behavior during the three years he worked for Employer. *Id.* at 33a-34a.

After considering the testimony presented, the referee resolved all credibility issues in favor of Employer. R.R. at 7a. The referee found that Claimant used vulgar language towards his supervisor on Thursday, April 12, 2018, when Claimant was directed to go home for the day, and again on Monday, April 16, 2018, after he was terminated from employment. F.F. Nos. 8, 10. The referee found that Claimant failed to provide any justifiable cause for his use of vulgar language in the workplace. R.R. at 7a. The referee concluded that Claimant's behavior constituted willful misconduct, disqualifying Claimant from receiving UC benefits per section 402(e) of the Law. *Id.* at 6a-7a.

Claimant, with counsel, appealed to the Board, requesting a remand hearing. Claimant argued that he had appeared before the referee *pro se* and that the referee based his entire decision on credibility determinations. The Board found that Claimant was informed of his right to counsel and noted that the referee is permitted to base his decision on the credibility of witnesses. The Board denied Claimant's request for a remand hearing. The Board adopted and incorporated the referee's

3

findings and conclusions and affirmed a denial of UC benefits because Claimant was discharged for willful misconduct.[3] Claimant then petitioned this Court for review.[4]

Claimant contends that the Board's decision is not supported by substantial evidence because the findings of fact were based "solely on Employer's statements without any other evidence to support and/or corroborate the conflict in testimony" between Claimant and Employer. Claimant's Brief at 10. Claimant appears to argue that Fyock's testimony constitutes hearsay and is therefore incapable of supporting findings of fact without corroborating evidence. Claimant also complains that, in the three years he worked for Employer, he did not have a history of misconduct or even one incident of disrespectful behavior towards management. Employer did not produce any other witnesses or evidence of Claimant's misconduct. Claimant contends this absence of evidence, coupled with Claimant's own testimony regarding the incident on April 12, 2018, renders the evidence of record insufficient to support a finding of willful misconduct.

It is well-settled law that the Board is the ultimate factfinder in unemployment compensation proceedings. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1385 (Pa. 1985). Thus, issues of credibility are for the Board, which may either accept or reject a witness' testimony regardless of whether or not it is corroborated with other evidence of record. *Id.* The Court is bound by the Board's findings of fact "so long as the record taken as a whole contains substantial evidence to support them." *Henderson v. Unemployment*

---

[3] The Board modified F.F. No. 1 to correct a typographical error, correcting the date of Claimant's last day of work.

[4] Our scope of review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth.) *appeal denied*, 97 A.3d 746 (Pa. 2014).

4

*Compensation Board of Review*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). "In determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the [previously] prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence." *Id.*

The employer bears the burden of proving willful misconduct. *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth 1999). This Court has held that abusive language directed at a supervisor evidences a disregard of the standard of behavior that an employer has the right to expect of an employee. *Viglino v. Unemployment Compensation Board of Review*, 525 A.2d 450, 453 (Pa. Cmwlth. 1987). "Even a single instance of vulgarity addressed to and unprovoked by a supervisor may support a finding of willful misconduct." *Id.* at 453; *see also Losch v. Unemployment Compensation Board of Review*, 461 A.2d 344, 346 (Pa. Cmwlth. 1983).

Once the employer has met its burden, "the burden of proof shifts to the employee to prove that [he] had good cause for [his] actions." *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 605 (Pa. Cmwlth. 2011). Good cause is established where the employee demonstrates that his actions were "justified or reasonable under the circumstances." *Id.* Offensive language directed towards an employer by an employee may be justified if it is provoked by the employer and the employee's response is *de minimis* in nature. *Id.*

In this case, the Board found that Claimant used vulgar language towards the warehouse manager twice. F.F. Nos. 8, 10. These findings are supported by Fyock's testimony. Claimant did not offer a reason for using vulgar language, but instead denied using vulgar language at all. R.R. at 33a-34a. The

5

Board resolved the conflict in testimony in favor of Employer. Such credibility determinations are within the Board's exclusive purview and are beyond the review of this Court. *See Peak*, 501 A.2d at 1385.

To the extent Claimant asserts that Fyock's testimony constitutes hearsay, he is incorrect. Hearsay is defined as "testimony that is given by a witness who relates not what he or she knows personally, but what others have said and that is therefore dependent on the credibility of someone other than the witness." BLACK'S LAW DICTIONARY 790 (9th ed. 2009).[5] Testimony based on an individual's personal knowledge and observations is not hearsay. *See Baird v. Unemployment Compensation Board of Review*, 372 A.2d 1254, 1257 (Pa. Cmwlth. 1977).

In this case, Fyock's testimony was based on his own first-hand observations and knowledge of the events at issue, falling outside the definition of hearsay. Consequently, Claimant's argument concerning a lack of corroborating evidence is without merit. Fyock's testimony in and of itself constitutes substantial evidence supporting the Board's findings of fact.

---

[5] The rules of evidence are relaxed in administrative proceedings where "all relevant evidence of reasonably probative value may be received." Section 505 of the Administrative Agency Law, 2 Pa. C.S. §505. In administrative proceedings, it has long been established as follows:

> (1) Hearsay evidence, *properly objected to*, is not competent evidence to support a finding of the Board.

> (2) Hearsay evidence, *admitted without objection*, will be given its natural probative effect and may support a finding of the Board, *if it is corroborated by any competent evidence in the record*, but a finding of fact based *solely* on hearsay will not stand.

*Walker v. Unemployment Compensation Board of Review*, 367 A.2d 366, 370 (Pa. Cmwlth. 1976) (citations omitted and emphasis in original).

6

Fyock's credited testimony constitutes substantial evidence that supports the Board's findings that Claimant used vulgar language towards his supervisor and Claimant failed to rebut that evidence with credible testimony. Consequently, the Board correctly held that Claimant was discharged under Section 402(e) of the Law for willful misconduct.

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Victor Nieves,                  :
                                           :
                   Petitioner     :
                                             :
                   v.           :   No. 1333 C.D. 2018
                                           :
Unemployment Compensation    :
Board of Review,            :
                                           :
                   Respondent : 

## **O R D E R**

AND NOW, this 25<u>th</u> day of <u>October</u>, 2019, the order of the Unemployment Compensation Board of Review dated September 12, 2018, is AFFIRMED.

 

_____
MICHAEL H. WOJCIK, Judge