640

Louis Georgevich, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 7, 1982, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Mineko S. Avery,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, December 30, 1982:

Claimant, Louis C. Georgevich, appeals here from an order of the Unemployment Compensation Board of Review (Board) denying him unemployment compensation benefits because the Board found that he was guilty of willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Among the issues raised in this appeal is the failure of the referee to advise the uncounseled Claimant of his rights as set forth in Part VI of 34 Pa. Code §101.21(a). The Board admits that this was not done but claims there was no prejudice since the Claimant received a full and fair hearing.

In *Katz v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981), we held that the failure of the referee to give the required instructions would necessitate a remand. Our later cases, however, tempered the decision in *Katz* by holding that if the claimant was given a full and fair hearing and unless there was demonstrated prejudice to the claimant, the referee's omission would not require a remand. *Snow v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981) and *Robinson v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 275, 431 A.2d 378 (1981).

In the instant case, Claimant complains that the referee inhibited or prevented him from presenting his case. It is true that the referee did prevent the Claimant from interrupting Mr. Moeller, the employer's representative, during the course of his testimony, but when it was Claimant's turn to testify, the referee did give Claimant great latitude. In addition, however, there is also the question of whether counsel, if present, could have and would have objected to that portion of Mr. Moeller's testimony regarding reports he, Moeller, said he had received from other employees that Claimant was a source of agitation in the work place. Claimant denied that he was the cause of any employee unrest. The reports to Mr. Moeller were not otherwise verified. These reports were mentioned in the referee's findings of fact and in his reasoning the referee held that, "Claimant also antagonized fellow workers which acts were not in the best interest of the

employer.'' While Mr. Moeller's testimony that he received reports of Claimant's agitation of other employees is not objectionable as hearsay evidence, the referee's conclusion that there *was such agitation in fact* is based upon hearsay evidence and is objectionable. We are of the opinion that Claimant has demonstrated prejudice and is entitled to a rehearing where he can be represented by counsel.

We will, accordingly, remand the case for rehearing.[1]

ORDER

The order of the Unemployment Compensation Board of Review is reversed and the case is remanded for proceedings not inconsistent with the foregoing opinion.

---

[1] In view of our conclusion that a rehearing is required, we deem it unnecessary for us to address the other issues presented by the Claimant in this appeal.