Joseph R. Rodgers, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 6, 1984, to Judges Doyle, Palladino and Barbieri, sitting as a panel of three.

*Joseph R. Rodgers,* petitioner for himself.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, June 15, 1984:

This is an appeal by Joseph R. Rodgers (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant was employed by Hanscom's Bakery (Employer) and was discharged on December 15, 1981 for leaving work before the scheduled end of his shift and for refusing the Employer's request to complete a work assignment before his shift ended. Claimant's application for unemployment benefits was approved by the Office of Employment Security. The Employer appealed and, following a hearing, benefits were denied by the referee. Claimant appealed to the Board and the Board affirmed the referee. Appeal to this Court followed.

Before this Court, Claimant, who appeared pro se at the hearing, argues that the referee failed to give him proper assistance under 34 Pa. Code §101.21, and urges that the Board erred in failing to remand the matter for a proper hearing.

The regulations applicable to the conduct of a hearing provide, in pertinent part:

> (a) In any hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.

34 Pa. Code §101.21(a). In applying this regulation, this Court has stated:

> The referee has a responsibility, therefore, to assist a pro se claimant at a hearing so that the facts of the case necessary for a decision may be adequately developed to "insure that compensation will not be paid in cases in which the claimant is not eligible and that compensation will be paid if the facts, thoroughly developed, entitled the claimant to benefits." . . . The referee, of course, need not advise a party on evidentiary questions or on specific points of law but must act reasonably in assisting in the development of the necessary facts, and any failure to develop an adequate record must be prejudicial to the claimant and not mere harmless error or else a reversal will not be found. (Emphasis, citation and footnote deleted.)

*Bennett v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 455, 457-58, 445 A.2d 258, 259-60 (1982) (quoting *Robinson v. Unemploy-*

*ment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 275, 279, 431 A.2d 378, 380 (1981)).

Our review of the entire record discloses no irregularity in the conduct of the hearing which, in accord with the above-quoted precedent, would require our reversal. Claimant was amply assisted by the referee in the cross-examination of the Employer's witnesses and in presenting his own version of the relevant facts. In addition, at the outset, the referee reminded the Claimant of his right to be represented by an attorney, as well as his right to present witnesses and to cross-examine and asked specifically, "Do you wish to go on with this hearing without legal representation?", to which Claimant responded, "Yes I do."[1] A claimant who elects to proceed without legal representation and who receives all the assistance from the tribunal due under 34 Pa. Code §101.21(a), cannot be heard to complain on appeal that his case might have been presented more effectively or with greater credibility with the assistance of counsel.

Accordingly, as there was no error in the conduct of the hearing, there was no reason for the Board to remand. We affirm the order of the Board.

ORDER

Now, June 15, 1984, the decision and order of the Unemployment Compensation Board of Review in the above referenced matter, No. B-205144, dated April 30, 1982 is hereby affirmed.

---

[1] Claimant urges that prejudice resulted because he was not advised of his rights in the conduct of the hearing until after the Employer's testimony had begun. The record reveals that all that had transpired before the referee advised Claimant of his rights was the admission of exhibits from the Office of Employment Security and a single question to the Employer regarding how long Claimant had been employed.