Lorenzo M. Williams, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 15, 1984, to Judges WILLIAMS, JR., MACPHAIL and BARBIERI, sitting as a panel of three.

*Michael C. Schutzbank, Silverstein and Kaufman,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., November 30, 1984:

Lorenzo M. Williams (petitioner) petitions for review of the order of the Unemployment Compensation Board of Review (board) which affirmed the referee's decision denying benefits under Section 402(e) of the Unemployment Compensation Law.[1] The sole issue which he raises before us is whether his due process rights were violated when the referee proceeded with the hearing after the petitioner refused to waive his right to representation by counsel.

Given this issue, it is necessary to detail the pertinent procedural history of this case. After the petitioner appealed the determination of the Office of Employment Security, the referee scheduled a hearing for October 5, 1982, with due notice to the parties. On September 30, 1982, the petitioner's attorney requested a continuance due to a scheduling conflict on October 5, 1982, in federal court. The referee granted this request and issued a continuance notice. On October 13, 1982, the referee mailed new hearing notices to the parties advising that the hearing had been re-scheduled for October 25, 1982. Again, on October 18, 1982, the petitioner's attorney requested a continuance because he had arrangements to be out of town from October 25, 1982 until November 8, 1982. The referee denied this request. The petitioner was unaware of his at-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

torney's second request for a continuance and expected to be represented at the hearing.

Appearing on October 25, 1982 were the petitioner and two employer witnesses, Mr. Birzes, the petitioner's foreman, and Ms. Assenmacher, an employee benefits specialist. After his opening remarks and the swearing of the witnesses, the referee initiated the following dialogue:

Now are you all aware of your right to representation by counsel and to present witnesses to testify on your behalf and to cross-examine adverse witnesses?

EW2 (Assenmacher): Yes.

QR: You must answer for it tŏ (sic).

EW1 (Birzes): Yes.

QR: *Are you willing to proceed without counsel and without additional witnesses?*

EW2: Yes.

AC: *No.*

QR: No, why not?

AC: (inaudible.)

QR: Pardon.

AC: (unintelligible.) Counsel's here to represent me.

QR: I

AC: He's supposed to be here to represent me.

QR: He's supposed to be here. Did you contact him?

AC: Yes I did.

QR: When did you contact him?

AC: I contacted him last week.

QR: When was the first time you contacted him?

AC: The first time I contacted him was last week on a Tuesday.

QR: On a Tuesday last week?

AC: Yes.

QR: All right. Today's

AC: I tried to reach him, but he was out. He was supposed to have called me back but he never did.

QR: And you called him on the 19th?

AC: Yes.

QR: And he hasn't called you back since?

AC: No.

QR: You haven't spoke to him?

AC: No.

QR: Have you ever spoken to him?

AC: Yes, once, when I went down to see him.

QR: When was that?

AC: About a month ago.

QR: About a month ago?

AC: Yeh.

QR: Had you received a notice of hearing, is that why you went to see him?

AC: Yes, I did.

QR: Ok. So you saw him a month ago and what instructions did he give you as far as getting back with him again.

AC: He told me he was going to be here and

QR: And that was a month ago, he told you he would be here?

AC: Yes. He told me and I called him back to remind him (unintelligible.) In other words, he told me not to worry, he would be here (unintelligible.)

QR: All right.

AC: (unintelligible.)

QR: And you called him on the 19th of October to remind him?

AC: Yes, I did.

QR: And you didn't reach him.

AC: I didn't reach him.

QR: Did you reach his secretary?

AC: I talked to his secretary and his secretary was explaining to me that he was out to lunch and he would be back.

QR: All right, well I'm not going to continue this case because your attorney doesn't see fit to attend the hearing which he was supposed to attend and which he apparently is aware of, so I'm going to proceed without him. . . . (Emphasis added.)

In *Hoffman v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 108, 430 A.2d 1036 (1981), we reaffirmed *Katz v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981), which held that a referee's failure to advise an uncounseled claimant of his right to be represented by counsel, to cross-examine adverse witnesses and to offer witnesses in his behalf violated the claimant's due process rights and the requirements of 34 Pa. Code §101.21(a)[2] and necessitated a remand for a new evidentiary hearing at which the claimant, if uncounseled, must be so advised. Subsequently, we modified the rule of *Hoffman* and *Katz* in *Snow v. Unemployment Compensation Board of Re-*

[2] §101.21 Conduct of hearings.

(a) In any hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.

*view,* 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981) and *Robinson v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 275, 431 A.2d 378 (1981). These later cases hold that "if the claimant was given a full and fair hearing and unless there was demonstrated prejudice to the claimant, the referee's omission [to advise the claimant of these rights] would not require a remand." *Georgevich v. Unemployment Compensation Board of Review,* 70 Pa. Commonwealth Ct. 640, 641, 453 A.2d 749, 750 (1982). Neither the petitioner nor the board cites any case directly on point here and our research has disclosed no such precedent, but recently, we have had occasion to decide somewhat similar cases.

Finding no prejudice to an uncounseled claimant who was amply assisted by the referee in cross-examining the employer's witnesses and in presenting his own version of the relevant facts, we saw no need for a remand in *Rodgers v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 248, 476 A.2d 1014 (1984). We noted that at the outset of the hearing, the referee advised the claimant of his rights and specifically asked whether the claimant wished to waive his right to counsel and proceed with the hearing to which the claimant responded affirmatively. In rejecting the prejudice argument we stated that

> [a] claimant who elects to proceed without legal representation and who receives all the assistance from the tribunal due under 34 Pa. Code §101.21 (a), cannot be heard to complain on appeal that his case might have been presented more effectively or with greater credibility with the assistance of counsel.

*Id.* at 251, 476 A.2d at 1016. Also in *Losch v. Unemployment Compensation Board of Review,* 75 Pa. Com-

monwealth Ct. 94, 461 A.2d 344 (1983), we rejected the contention that Losch's due process rights were violated because the referee did not afford her the opportunity to elect to be represented by counsel at the hearing. In reviewing the record we found, however, "that the referee did inform her that she had the right to counsel" and the record also revealed "neither any attempt on her part to avail herself of that right nor any explicit waiver thereof, although she did attempt cross-examination of the employer's witness without much success." *Id.* at 96, 461 A.2d at 345.

Contrary to the foregoing cases, we are now faced with a situation where the petitioner refused to waive his right to legal representation after making a bona fide attempt to have counsel at the hearing, and where the petitioner apparently was without fault or complicity in his counsel's failure to appear.[3] Furthermore, our review of this record reveals that upon the conclusion of the employer's testimony, the referee gave the petitioner no assistance in cross-examination, but merely allowed the petitioner to digress into a presentation of his own direct testimony. Inasmuch as the outcome turned on the referee's resolution of the testimonial conflicts, we must conclude that the petitioner was prejudiced by the referee's decision to proceed in spite of the petitioner's express refusal to waive his right to counsel. Therefore, as we perceive no diminution of the viability of *Snow* and *Robinson* in so doing, we believe that, in order to effectuate the rights recognized by *Hoffman* and *Katz,* we must remand this matter to the board for a new evidentiary

---

[3] In the instant case, the board does not suggest even the appearance of collusion between the petitioner and his attorney as was suggested in the case upon which the board relies. *Steadwell v. Unemployment Compensation Board of Review*, 76 Pa. Commonwealth Ct. 439, 463 A.2d 1298 (1983).

hearing at which the petitioner may be represented by counsel and, thereafter, a new decision on the merits. We hasten to note, however, that we believe that this remand cures the due process deprivation suffered by the petitioner and that, notwithstanding our holding here, due process considerations do not obligate the unemployment compensation authorities to grant a never-ending series of continuances. *See Steadwell.*

Accordingly, we must vacate the order of the board and remand for further proceedings.

### ORDER

AND Now, this 30th day of November, 1984, the order of the Unemployment Compensation Board of Review, B-213024, is hereby vacated and this matter is remanded to the board for further proceedings consistent with this opinion.

Jurisdiction relinquished.

Judge MACPHAIL dissents.