John Staub, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 9, 1985, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Paul Auerbach,* for petitioner.

No appearance for respondent.

*Karl A. Fritton, Obermayer, Rebmann, Maxwell &*
*Hippel,* for intervenor, Abington School District.

OPINION BY JUDGE MACPHAIL, June 13, 1985:

John Staub (Petitioner) appeals from the decision
and order of the Unemployment Compensation Board
of Review (Board) denying his claim for benefits pur-
suant to Section 402(e) of the Unemployment Com-
pensation Law, Act of December 5, 1936, Second Ex.
Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Petitioner was employed as a part-time bus driver
by the Abington School District (Employer) from
January, 1983 until his termination on March 18,
1983. On March 18, 1983, Petitioner was discharged
due to unsatisfactory job performance.

Petitioner was found eligible for benefits by the
Office of Employment Security (OES) and the Em-
ployer appealed. After a hearing, the referee reversed
the OES determination and found Petitioner to have
been discharged for driving under the influence of
alcohol, conduct which amounts to willful misconduct.
Petitioner appealed the referee's decision to the
Board, which affirmed the referee. The instant appeal
followed.

Before this Court, Petitioner, who appeared pro se
at the referee's hearing, argues that his rights of due

process were violated when the referee proceeded with the hearing although Petitioner refused to waive his right to representation by counsel and where the issue of driving while under the influence was raised for the first time at the hearing, without prior notice, and these facts were used by the referee as the basis for his decision that Petitioner had engaged in willful misconduct.

After his opening remarks and the swearing of the witnesses at the May 19, 1983 hearing, the referee initiated the following dialogue:

Referee: I'd like to remind the claimant of his rights. You have the right to be represented by an attorney or any other advisor. You also have the right to offer witnesses and to cross-examine adverse witnesses. This right you were made aware of in your notice of hearing. Do you wish to go on with this hearing without legal representation, Mr. Staub?

Petitioner: I really didn't know that it was necessary to have legal representation, but it appears that it may be at this point.

Referee: All right, but you have been given ample notice on your hearing notice to secure an attorney for this hearing. Do you wish to go on with this hearing today without legal representation?

Petitioner: At this point, I really don't think so.

Referee: All right, you had ample time to secure legal representation, so at this time I would have to go on with this hearing and take whatever testimony I receive from this hearing and base the decision on it. . . .

This case is controlled by our decision in *Williams v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 251, 484 A.2d 831 (1984),

wherein the sole issue presented for our review was whether claimant's due process rights were violated where the referee proceeded with the hearing after claimant refused to waive his right to representation. Reasoning that the outcome turned on the referee's resolution of testimonial conflicts, we held that the claimant was prejudiced by the referee's decision to proceed. We reach a similar result in the instant case.[1] *Compare Rodgers v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 248, 476 A.2d 1014 (1984) (Claimant elected to proceed without legal representation).

Petitioner also contends that the referee erred when it found Petitioner guilty of driving under the influence, a charge not expressly ruled on by the OES. We agree. The referee on appeal may only consider those charges delineated in the hearing notice. *Sterling v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 488, 474 A.2d 389 (1984). The Notice of Determination gave notice that Petitioner was discharged by Employer "for reasons which are not considered willful misconduct in connection with the claimant's work because of the claimant's poor driving habits while transporting children to and from school." Petitioner had no notice that the referee or Board would rely on additional charges not within the Notice of Determination. *Sterling; See Hanover Concrete Co. v. Unemployment Compensation*

---

[1] We also note that the referee did not explain to Petitioner that where, as here, the employer has the burden of proof, Petitioner was not required to testify and that if Petitioner did testify, that testimony could be used to determine Petitioner ineligible for unemployment compensation benefits. *Vann v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 189, 473 A.2d 237 (1984). Our review of the record also reveals that the referee did not assist Petitioner in cross-examination of Employer's witnesses, but as in *Williams*, merely allowed Petitioner to testify on his own behalf.

*Board of Review,* 43 Pa. Commonwealth Ct. 463, 465, 402 A.2d 720, 721 (1979) (Board may only consider the nature of conduct as delineated in OES' determination notice).

We find that the referee's errors were clearly prejudicial to Petitioner and accordingly, we must vacate the order of the Board and remand for further proceedings consistent with this opinion.

#### Order

The order of the Unemployment Compensation Board of Review, at No. B-226660, is hereby vacated and this matter is remanded to the Board for further proceedings consistent with this opinion.

Jurisdiction relinquished.

