534 A.2d 560

Robert E. Cowfer, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 23, 1987, to President Judge Crumlish, Jr. and Judges Craig, MacPhail, Doyle, Barry, Colins and Palladino.

*Lorraine M. Bittner,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

Opinion by Judge Doyle, December 7, 1987:

This is an appeal by Robert C. Cowfer Jr., (Claimant) from a decision of the Unemployment Compensation Board of Review (Board) affirming and modifying a referee's decision denying unemployment compensation benefits to Claimant under Section 402(e) of the Unemployment Compensation Law (Law) (willful misconduct).[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant's tenure with employer ended on March 12, 1985. Claimant filed a timely appeal of the subsequent decision by the Office of Employment Security (OES) disapproving benefits. On Wednesday, May 1, 1985, notice was sent to Claimant informing him of the referee's hearing scheduled to take place seven days later on Wednesday, May 8. Claimant did not receive this notice until Friday, May 3, only three business days before the hearing. Claimant tried to enlist the aid of a legal services attorney prior to the hearing; however, the earliest date on which an appointment could be scheduled for Claimant to confer with an attorney was Thursday, May 16 (N.T. 1). Claimant testified that he could not afford to hire private counsel (N.T. 2) and so appeared at the hearing *pro se*.

That Claimant desired to be represented by counsel at the hearing is clear from the following colloquy between Claimant and the referee:

AC: I was wondering if I could get one thing clear?

QR: Yes sir.

AC: When I received this notice . . . you didn't even give me the time [needed to procure counsel] because I received it May 3, 1985, and this is May 8.

QR: You had five days.

AC: I tried, I couldn't.

QR: You mean you couldn't do anything in five days in regard to a lawyer?

AC: I received it on a Friday, I had Sunday [sic], Monday and Tuesday and Wednesday, today is the day that I was unavailable [due to the hearing] and that I should you know . . .

QR: Ask for a continuance?

AC: Yes.

QR: *Well, I can't grant that continuance because as indicated legal aide [sic] has a policy that they know very well that a Referee will not continue a hearing because they can't get an individual, that is why they tell you that since they can't help you, try the lawyer referral service.*

AC: They didn't tell me that.

QR: Thats [sic] what they are instructed to tell you, that [sic] what they tell me they do, okay.

AC: Thank you.

(N.T. p-3) (emphasis added).

The issue before this Court is whether the denial of Claimant's request for a continuance, which would have enabled Claimant to procure counsel from the local legal services, constituted an abuse of discretion by the referee.

A referee's grant or denial of a continuance will be reversed only upon a clear showing of abuse of discretion. *Bethlehem Mines v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 186, 459 A.2d 72 (1983). The power to grant or deny a continuance is conferred upon a hearing officer by Board regulation 101.23(a), which states in pertinent part:

(a) Continuance of a hearing will be granted only for proper cause and upon the terms as the tribunal shall consider proper. The inability of a party to attend a hearing because he received less than 7 days [sic] notice will be considered proper cause for continuance of a hearing.

34 Pa. Code §101.23(a).

We hold that to deny a continuance on the basis of an ambiguous, unsubstantiated administrative policy amounted to an abuse of discretion. First, there is absolutely no reason to believe that Claimant was informed that a legal services attorney would not be able to help

him. Second, the regulation makes it clear that a request for a continuance should be granted where the moving party is unable to attend the hearing because he received less than seven days' notice. In the case *sub judice,* notice was properly served by regular mail, in conformity with the regulation. This has been held to be a reasonable method of service. *See Banks v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 307, 370 A.2d 1234 (1977). Claimant does not contest service and, in fact, was able to attend the hearing in person. However, the brevity of the period afforded Claimant to attempt to procure counsel *effectively* prevented him from exercising his right to appear with the assistance of counsel. This constituted constructive inability of Claimant to attend the hearing and under these facts should be considered proper cause for a continuance.[2] Where, as in this case, proper cause is shown, it is an abuse of discretion not to grant a continuance. *Flatley v. Unemployment Compensation Board of Review,* 93 Pa. Commonwealth Ct. 78, 82 n. 3, 500 A.2d 515, 517 n. 3 (1985).

We find *Williams v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 251, 484 A.2d 831 (1984) to be particularly instructive. In *Williams,* the claimant refused to waive his right to counsel when counsel whom he had procured did not show up for the hearing. The referee denied a request for continuance and then proceeded to resolve testimonial con-

---

[2] There is a keen difference between this situation and that in *Kuna v. Unemployment Compensation Board of Review,* 98 Pa. Commonwealth Ct. 604, 512 A.2d 772 (1986), in which we rejected petitioner's assertion of insufficient notice based on the fact that, while notice had not been mailed to the claimant's counsel at least seven days prior to the hearing, notice had been mailed to the claimant herself thirteen days before the hearing. This lapse in communication between claimant and previously-procured counsel is far different from the case at bar.

flicts against the claimant. We held that such action was sufficiently prejudicial to the claimant so as to entitle him to a new hearing. The same result is compelled here, inasmuch as the referee resolved credibility matters against claimant.

We wish to emphasize that our holding is a narrow one. In this case, an *unrepresented* claimant attempted to secure counsel within a narrow time-frame and his inability to do so was not his fault. Further, he was never advised that a continuance should have been requested prior to the hearing. We believe that expecting such a claimant to realize that a continuance must be requested early on is requiring too much of the lay litigant. We strongly caution counsel, however, that they are expected to be aware of such matters and that, in general, last-minute requests for continuances will not be viewed favorably by this Court. We also note our disappointment that legal services never called on behalf of Claimant to secure a continuance or advised him to do so himself.

Based upon the foregoing opinion, the order of the Board is vacated and the case is remanded for a new evidentiary hearing at which Claimant may be represented by counsel.

ORDER

Now, December 7, 1987, the order of the Unemployment Compensation Board of Review, No. B-243605, is vacated and the case is remanded to the Board for a new evidentiary hearing.

Jurisdiction relinquished.