558 A.2d 579

Richard Liebel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 27, 1989, to Judges DOYLE and MCGINLEY, and Senior Judge BARBIERI, sitting as a panel of three.

*A. Martin Herring*, for petitioner.

*Clifford F. Blaze*, Deputy Chief Counsel, for respondent.

*Michael I. Levin, Cleckner and Fearen*, for intervenor, Middle Bucks Area Vocational Technical School.

OPINION BY JUDGE DOYLE, May 3, 1989:

Before this Court is an appeal by Richard Liebel (Claimant) from an order of the Unemployment Compensation Board of Review (Board) denying Claimant's request for benefits pursuant to Sections 401, 4(u) and 402 (e) of the Unemployment Compensation Law (Law).[1]

The Board made the following relevant factual findings. Claimant was last employed by the Middle Bucks

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§801, 4(u), 802(e).

Vocational-Technical School (Employer) from September 1976 to June 16, 1987. He was originally hired by Employer to teach in its auto mechanic program, but as a result of declining enrollment in that program, he assumed the duties of part-time teacher in the graphic occupations program (Program). Claimant, however, was not properly trained in all phases of the Program and refused to complete his training. Claimant also failed to develop a competency program for his students as required by the Department of Education. Additionally, he did not follow Employer's policy and instructions regarding an art sale of items accumulated in the Program. Claimant was subsequently dismissed from his position with Employer.

Claimant filed for unemployment compensation benefits with the Office of Employment Security (OES). The OES issued a determination holding that Claimant had not committed willful misconduct, as defined in Section 402(e) of the Law, but that he was ineligible under Section 401, and 4(u). Claimant then filed a timely appeal, and a referee's hearing was scheduled. All parties requested a continuance of the hearing but it was denied. The referee then based his ruling to deny benefits on the available evidence of record and affirmed the decision of the OES.

Both Claimant and Employer appealed the referee's decision to the Board, and Employer requested that the Board remand the case to the referee for additional testimony. The Board then issued an order scheduling a remand hearing for November 13, 1987. Both Employer and Claimant again requested a continuance. The hearing was rescheduled for December 11, 1987, *a date which was agreed upon by all parties*.

On November 19, 1987, Claimant's new counsel[2] requested a continuance, stating that he had another

---

[2] Claimant's original attorney obtained the services of another attorney to handle Claimant's case.

hearing on that date. The referee denied that request. On December 1, 1987, Claimant's counsel made a second request for a continuance; again it was denied. On December 10, 1987, Claimant's original counsel sent a letter to the referee again requesting a continuance stating that a "serious personal problem" required Claimant's *second* attorney's attention on that date.[3] The referee, however, again denied his request. Claimant's counsel then called the referee to state that neither he, Claimant's new attorney, nor Claimant would be able to attend the hearing.

On December 11, 1987, the hearing was conducted with only Employer's counsel and witnesses present. As a result, the Board denied benefits on the basis of both Section 402(e) and Sections 401, 4(u) of the Law. This appeal followed.

The issue before this Court is quite narrow. Claimant contends that the referee's decision to deny a continuance for the last hearing date, December 11, 1987, was an

---

[3] The relevant portions of the letter stated:

Because of my schedule and my inability to appear at your office when you direct, without consultation with me, I employed other counsel to represent [Claimant] before you at a hearing scheduled for December 11, 1987.

The [second] attorney, Ronald Gordon, Esquire, called your office on December 4, and 7th, 1987 requesting that the matter be continued because he has a serious personal problem in that a member of his family is suffering from a serious medical problem that must be cared for on December 11, 1987. His attendance is necessary with his family on that date.

This case has already been remanded to you once before for your failure to grant a request for continuance when both Mr. Levin and I requested it. As a result, it is our desire to test the issue of representation by counsel of one's choice and, therefore, we chose not to appear before you on December 11, 1987 with just a lawyer selected for the purpose of appearance. Neither Mr. Gordon nor I are able to attend.

abuse of discretion, and that the denial of this continuance deprived Claimant of his right to counsel. This Court does not agree.

It is well settled that this Court may override the judgments of a referee in an unemployment compensation case as to whether or not to grant a continuance *only if* there has been a clear showing of an abuse of discretion. *Steadwell v. Unemployment Compensation Board of Review,* 76 Pa. Commonwealth Ct. 439, 463 A.2d 1298 (1983). Furthermore, a "continuance of a hearing will be granted *only for proper cause* and upon the terms as the tribunal may consider proper." 34 Pa. Code. §101.23(a) (emphasis added). A careful examination of the record in this case leads us to conclude that the referee did not abuse his discretion.

Claimant's counsel's first request for a continuance of the December 11, 1987 hearing was on November 19, 1987. This request was made because Claimant's counsel had another hearing on that date; counsel also stated, however, that he would attend the Claimant's hearing if his continuance request was denied. The referee denied this request as both parties had mutually agreed to that date. On December 4, 1987, Claimant's counsel again requested (by telephone) a continuance; the reason stated was for "a personal matter which he [could not] go into." This request was extremely vague, and certainly did not supply any information which would demonstrate the existence of "proper cause." Finally, on the day before the hearing, the referee received a letter from Claimant's original counsel advising the referee of a personal family emergency relating to Claimant's second counsel on the date of the hearing. The referee again denied his request.

Due process standards do not guarantee a claimant a right to a continuance, even if for good cause, if he fails to request it in a timely fashion or in a manner consistent

with reasonable procedural rules. *Id*. The second attorney's telephone calls to the referee requesting a continuance were vague as to the specific reasons for the continuance. The referee properly deemed them to be insufficient to warrant the relief sought. While the information in the letter received on December 10, 1987 could have been viewed as "proper cause" for the continuance, the last minute basis for the request[4] in a case where numerous continuances had been sought was also a fact to be considered along with the fact that there had been a mutually agreed upon hearing date. Considering all of the facts, we cannot say that the referee abused his discretion in denying the continuance.

Therefore, since Claimant's request for a continuance was properly denied, we believe Claimant's argument that he was denied his right to counsel to be without merit.

Accordingly, we affirm the order of the Board.

### ORDER

NOW, May 3, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

[4] Last minute requests for a continuance are generally viewed with disfavor. *Cowfer v. Unemployment Compensation Board of Review*, 111 Pa. Commonwealth Ct. 509, 534 A.2d 560 (1987).