Colette A. SKOWRONEK, Petitioner

v.

## UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 2, 2007.

Decided April 9, 2007.

Susan N. Williams, Greensburg, for petitioner.

Janet M. Tarczy, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: COLINS, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

In this petition for review, Colette A. Skowronek (Claimant) contends the Unemployment Compensation Board of Review (Board) abused its discretion by denying her request for a remand. Specifically, she contends the referee denied her a fair hearing when he refused her continuance request. Discerning no error, we affirm.

Adopting the referee's findings of fact, the Board found as follows.[1] Avonmore Borough (Employer) employed Claimant as a full-time secretary and treasurer/tax collector from July 1996 through June 2006. In March 2006, Employer implemented a new employee handbook, which requires employees to use a time clock. Claimant refused to comply with Employer's rule. Claimant likewise refused Employer's request to dress more appropriately for her position. In addition, Claimant failed to comply with Employer's directive to compile an accounting manual. Employer repeatedly warned Claimant about her failure to use the time clock and dress appropriately and subsequently discharged her for insubordination.

Claimant filed for unemployment compensation benefits. Benefits were initially granted, based on Claimant's assertion

---

1. The Board is the ultimate fact finder in unemployment compensation matters. *Gioia v. Unemployment Comp. Bd. of Review*, 661 A.2d 34 (Pa.Cmwlth.1995). Further, Claimant does not challenge any specific findings. Therefore, they are conclusive on appeal. *Pa. Liquor Control Bd. v. Unemployment Comp. Bd. of Review*, 879 A.2d 388 (Pa.Cmwlth. 2005).

that she was never given a reason for her termination. Employer appealed.

By notice mailed July 7, 2006, the referee set a July 20, 2006 hearing date. One day prior to the scheduled hearing, at 6:30 p.m., Claimant's counsel faxed the following letter to the referee:

I am kindly requesting a continuance in regard to a hearing that is scheduled on July 20, 2006 at 1:15 p.m. with respect to the above captioned matter. I will be unavailable due to a previously scheduled appointment.

Thank you for this consideration.

s/Susan N. Williams, Esq.

Certified Record (C.R.) Item 10. Of particular note, the top portion of counsel's stationery does not provide her contact information. *Id.* Apparently, this information is located at the bottom of her stationery. Claimant's Br. at 2. On the fax received by the referee, counsel's contact information is absent. C.R. Item 10.

In a handwritten note on the fax, the referee denied Claimant's continuance request as untimely. *Id.* An additional notation appears on the fax, presumably to aid the referee in disposing of the request:

Per review of this P/P request and review of appeal documents, there is nothing indicating whether this is [Claimant's] or [Employer's] counsel or a phone [number] where [she] can be reached.

C.R. Item 10.

The referee held the hearing in Claimant's absence, at which time he denied the continuance request on the record. Notes of Testimony (N.T.), July 20, 2006, at 1. Employer presented four witnesses, including Borough Council President Donna Ventresco (Council President).

Council President testified she issued Claimant numerous warnings. She explained Claimant received warnings for tardiness on three separate occasions. N.T. at 8–10; Employer's Exs. 1, 2, and 8. Council President warned Claimant for failure to use Employer's time clock and to call off work pursuant to Employer's policies. N.T. at 13–14; Employer's Exs. 4 and 7. Claimant also received three warning for inappropriate attire and one warning for personal visitors during work hours. N.T. at 11; Employer's Exs. 3, 9, 10, and 11.

In addition, Employer's witnesses described Claimant's demeanor as uncooperative and defiant. Specifically, Employer's witnesses noted Claimant's poor attitude regarding development of an accounting manual, access to Employer's records and property, and Employer's check signing policy. N.T. at 14–15; 17–20.

Based on Employer's evidence, the referee found Claimant ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law).[2] Claimant appealed to the Board, seeking a hearing on remand for the receipt of additional evidence.

The Board, in addition to adopting the above findings, observed counsel's continuance request is dated one day prior to the scheduled hearing. It further noted the postal authorities did not return the July 7, 2006 hearing notice as undeliverable, and that the referee's failure to inform counsel of the denial of the continuance request resulted from a lack of contact information on the fax. Accordingly, the Board denied Claimant's remand request and affirmed the denial of benefits.

---

**2.** Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). Under this section, an employee is ineligible for benefits for any week in which her unemployment is due to willful misconduct connected with her work.

In this appeal, Claimant asserts the referee denied her the opportunity for a fair hearing. Claimant argues counsel's stationery provided contact information at the bottom of the page and, even if the fax machine cut off that information, a search of the area telephone book would yield counsel's telephone number. Therefore, Claimant contends the Board abused its discretion where its regulations permit a remand for additional evidence in such circumstances. *See* 34 Pa.Code § 101.104(c)(2).[3]

At the outset, we note the Board has discretion to decide whether to grant a request for remand. Section 504 of the Law, 43 P.S. § 824; *Fisher v. Unemployment Comp. Bd. of Review*, 696 A.2d 895 (Pa.Cmwlth.1997). To determine whether the Board abused its discretion, we examine the referee's denial of counsel's continuance request. The Board's regulations provide that a continuance will be granted "only for proper cause and upon the terms as the tribunal may consider proper." 34 Pa.Code § 101.23. We will not override a referee's denial of a continuance unless there is an abuse of discretion. *Steadwell v. Unemployment Comp. Bd. of Review*, 76 Pa.Cmwlth. 439, 463 A.2d 1298 (1983).

A careful review of the record indicates the referee did not abuse his discretion by denying counsel's continuance request. Counsel faxed her request to the referee's office less than one day prior to the hearing and after office hours. As stated in *Cowfer v. Unemployment Compensation Board of Review*, 111 Pa. Cmwlth. 509, 534 A.2d 560, 562 (1987), "last-minute requests for continuances will not be viewed favorably by this Court." If counsel was unavailable due to a previously scheduled appointment, there is no explanation as to why the request was not made prior to 6:30 p.m. on the last business day before the hearing.

Moreover, counsel's request is vague. In this regard, the present case is similar to *Liebel v. Unemployment Compensation Board of Review*, 125 Pa.Cmwlth. 565, 558 A.2d 579 (1989). There, counsel requested a continuance for unspecified personal reasons. On review, we found the request impermissibly vague because it "did not supply any information which would demonstrate the existence of 'proper cause.'" *Id.* at 581. We therefore affirmed the referee's denial of the continuance request.

Here, although counsel is not required to divulge sensitive personal information, requesting a continuance due to a previously scheduled appointment does not provide sufficient information from which the referee could determine proper cause existed to continue the hearing. Given the timing of the request and its vague nature, no abuse of discretion is apparent. *Liebel; Cowfer.*

In addition, the Board observed the fax lacked counsel's contact information. Claimant, as the party requesting a continuance, bore the burden of ensuring the referee received her fax. On this point, we find the Board's regulations governing fax transmissions of appeals instructive. Specifically, its regulations provide:

> A party filing an appeal by fax transmission is responsible for any delay, disruption, interruption of electronic signals and *readability of the document*

---

3. We are limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were made, or whether constitutional rights were violated. *Diversified Care Mgmt., LLC v. Unemployment Comp. Bd. of Review*, 885 A.2d 130 (Pa.Cmwlth.2005), *pet. for allowance of appeal denied*, 589 Pa. 724, 907 A.2d 1104 (2006).

*and accepts the risk that the appeal may not be properly or timely filed.*

34 Pa.Code § 101.82(b)(3)(ii) (emphasis added). Similar language appears on the initial notice of determination. C.R. Item 6. Because an appealing party is responsible for the readability of a fax for appeal purposes, a party choosing to communicate by fax for any purpose should accept the same risk. *Cf.* Pa. R.C.P. No. 205.4 (party filing legal paper by electronic means is responsible for delay, disruption, interruption and readability of document); Pa. R.C.P. No. 440(d)(1) (service of legal papers other than original process completed when fax transmission is confirmed as complete); *McClean v. Unemployment Comp. Bd. of Review*, 908 A.2d 956 (Pa. Cmwlth.2006) (electronic appeal deemed untimely where there was no evidence it was delivered to Board prior to expiration of appeal period).

Here, counsel had the responsibility to ensure the fax contained all information necessary to dispose of her request. Knowing her contact information appears at the bottom of her stationery, counsel should have inquired whether the referee's office received the letter in its entirety.

For these reasons, the Board did not abuse its discretion by denying Claimant's request for a remand. Accordingly, we affirm.

### *ORDER*

AND NOW, this 9th day of April, 2007, the order of the Unemployment Compensation Board of Review is **AFFIRMED.**