IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John A. Bucanelli,                          :
                        Petitioner          :
                                            :
            v.                              :   No. 860 C.D. 2021
                                            :   Submitted: February 18, 2022
Unemployment Compensation                   :
Board of Review,                            :
                        Respondent          :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                          FILED: April 25, 2022

        John A. Bucanelli (Claimant) *pro se* petitions for review of an order of

the Unemployment Compensation Board of Review (Board), mailed July 9, 2021,

which denied him unemployment compensation benefits under Section 402(b) of the

Unemployment Compensation Law (Law).[1]   On appeal, Claimant raises several

procedural challenges and argues that the record established his eligibility for

unemployment compensation benefits.  We affirm.

        Knoebel Picarelli, Inc. (Employer) employed Claimant for over four

years until Claimant removed his personal property from his office on February 15,

2020.  Two days later, Claimant emailed Employer asserting that because of pain

from a "neurological condition," he "decided to initiate the retirement process

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(b). Section 402(b) of the Law provides that an employee is ineligible for unemployment
benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without
cause of a necessitous and compelling nature."

effective immediately." Referee's Decision/Order, 3/2/21, at 1-2; Ex. to Employer's Email, 11/9/20, at 3:05 p.m. Claimant noted that he would be on paid time off "and available by phone over the next two weeks to apprise staff regarding the status of ongoing work." Ex. to Employer's Email, 11/9/20, at 3:05 p.m. (attaching Claimant's 2/17/20, 7:25 a.m. email). Claimant did not provide Employer with any medical documentation of his condition or documentation recommending that he retire due to his condition. Referee's Decision/Order at 1-2. Employer had ongoing work available for Claimant and would have permitted Claimant to work from home, but Claimant never requested that option. *Id.* at 2. A few weeks later, Claimant reiterated his desire to retire in a letter sent to Timothy Knoebel, Employer's President. Ltr., 3/6/20, at 1 (stating "I want to retire"). Claimant also stated his belief that Employer would "initiate the process of ending [his] employment including taking steps during the time of transition to continu[e] servicing [his] clients." *Id.*

Claimant applied for unemployment compensation benefits and received $8,411 in benefits through August 2020. On October 15, 2020, the Pennsylvania Department of Labor & Industry (Department) concluded Claimant improperly received and was not entitled to benefits.

Claimant appealed to a Referee, who scheduled a hearing and notified Claimant that he would have 15 minutes before the hearing to review the file. Notice of Hr'g, 2/4/21, at 1. Claimant requested a continuance on the basis that 15 minutes was insufficient and that the hearing file contained documents that were not shared with him. Ltr., 2/12/21, at 1. The Referee denied the continuance, reasoning that the file was previously sent to Claimant four months earlier. Email, 2/16/21. Claimant also requested that the Referee subpoena Mr. Knoebel, but the Referee did

2

not immediately issue a subpoena. Claimant followed up, and the Referee initially issued an incorrect subpoena and then a corrected subpoena, which was served on Mr. Knoebel two days before the hearing.

At the hearing, Mr. Knoebel and Mr. Gilbert Picarelli testified for Employer that Claimant unilaterally decided to retire for unsubstantiated medical reasons. *See, e.g.*, Notes of Testimony (N.T.) Referee's Hr'g, at 25, 31, 34-35. Mr. Picarelli testified that Employer had sufficient work for Claimant. *Id.* at 23. Further, instead of retiring, Claimant began working full time in June 2020 at another job. *Id.* at 35. The Referee affirmed the Department's decision, reasoning that Claimant did not establish any "necessitous and compelling reasons for leaving employment" and that Claimant did not act with "ordinary common sense" and good faith to maintain employment. Referee's Decision/Order, 3/2/21, at 2-3. We add that Claimant did not object to any of the hearing exhibits. N.T. Referee's Hr'g at 4.

Claimant timely appealed to the Board, which affirmed. Claimant then filed a request for reconsideration with the Board raising new arguments, including claims regarding the Referee's continuance denial and alleging that the hearing file contained impermissible hearsay evidence. Claimant's Request for Recons., 7/22/21, at 1-2. Claimant did not explain why he did not raise these claims earlier, and the Board denied Claimant's reconsideration request.

Claimant, *pro se*, timely filed a petition for review with this Court.[2] On appeal, Claimant raises the following three issues, which we have rephrased for clarity. First, Claimant argues that the Referee erred by denying his request for a

---

[2] "This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704." *Smith v. Unemployment Comp. Bd. of Rev.*, 261 A.3d 615, 619 n.6 (Pa. Cmwlth. 2021).

continuance. Second, Claimant contends that the Referee erred by permitting the hearing file to include hearsay evidence. Third, Claimant challenges the sufficiency of the evidence by arguing that the Board disregarded the evidence he submitted that contradicted Employer's evidence.[3]

## Request for Continuance

In support of his first issue, Claimant argues that the Referee should have granted a continuance because (1) he needed more than 15 minutes before the hearing to review the file, and (2) Mr. Knoebel was not successfully subpoenaed until 2 days before the hearing.

We hold that Claimant waived his first issue on multiple grounds.[4] Initially, Claimant waived the issue by raising it for the first time in his request for reconsideration with the Board. *See Lewis v. Unemployment Comp. Bd. of Rev.*, 42 A.3d 375, 379 n.8 (Pa. Cmwlth. 2012) (holding that the claimant waived issues because they were not raised in the appeal to the Board); *accord Bedford Downs Mgmt. Corp. v. State Harness Racing Comm'n*, 926 A.2d 908, 924 (Pa. 2007) (stating "issues raised for the first time in a reconsideration request, after the agency has issued its adjudication, cannot be regarded as raising the issues while the matter was before the agency"). Further, Claimant never requested a continuance on the

---

[3] The argument section of Claimant's brief does not comply with Pa.R.A.P. 2119, because the section is not "divided into as many parts as" the four issues he originally raised in his statement of questions involved. *See* Pa.R.A.P. 2119. Nevertheless, because "we are generally inclined to construe *pro se* materials liberally," we decline to find procedural waiver. *See Robinson v. Schellenberg*, 729 A.2d 122, 124 (Pa. Cmwlth. 1999).

[4] The Board argued that Claimant waived this issue by failing to raise it before the Board. Board's Br. at 8; *see also Quigley v. Unemployment Comp. Bd. of Rev.*, 263 A.3d 574, 591 (Pa. 2021) (quoting "issues not previously considered or raised will not be considered by the Board, either upon application for, or in the determination of an appeal unless the speedy administration of justice, without prejudice to any party, will be substantially served thereby and are supported by the record" (citation omitted)).

4

basis of a delayed subpoena of Mr. Knoebel. *See* Ltr., 2/12/21, at 1. Claimant therefore waived the issue by failing to raise it before the Referee. *See Watkins v. Unemployment Comp. Bd. of Rev.*, 751 A.2d 1224, 1226 (Pa. Cmwlth. 2000) (holding, an "unemployment compensation claimant waives review of an issue by neglecting to raise and preserve it before the referee" (citation omitted)). Finally, even if Claimant had raised and preserved his first issue properly, Claimant waived it by failing to cite to any supporting legal authority, including the applicable standard of review. *See Dep't of Env't Prot. v. Green 'N Grow Composting, LLC*, 201 A.3d 282, 286-87 (Pa. Cmwlth. 2018) (holding appellants waived an issue because they failed to discuss any legal authorities).[5]

Regardless of Claimant's waiver, his claim lacks merit. We begin by summarizing the applicable law. Title 34, Section 101.23 of the Pennsylvania Code addresses continuance requests before the Board:

### § 101.23. Continuance of hearing.

(a) Continuance of a hearing will be granted only for proper cause and upon the terms as the tribunal may consider proper. The inability of a party to attend a hearing because he received less than 7 days notice will be considered proper cause for continuance of a hearing.

(b) Within the discretion of the tribunal, a continuance will not, however, be granted merely because of the absence of a witness,

---

[5] While this Court liberally construes *pro se* pleadings, this Court cannot act as Claimant's counsel and develop his arguments for him. *See C.M. v. Pa. State Police*, 269 A.3d 1280, 1285 (Pa. Cmwlth. 2022) (stating that this Court is "neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter." (citation omitted)); *Finfinger v. Unemployment Comp. Bd. of Rev.*, 854 A.2d 636, 639 n.5 (Pa. Cmwlth. 2004) (acknowledging "the frequent necessity, and incumbent difficulty, of *pro se* representation by unemployed claimants . . . . However, it is axiomatic that a layperson who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing." (citation omitted)).

> unless it appears that the testimony and evidence he could give would be competent and relevant to the issues involved and that the information is essential to a proper determination of the case.

34 Pa. Code § 101.23. We examine a denial of a continuance for an abuse of discretion. *Skowronek v. Unemployment Comp. Bd. of Rev.*, 921 A.2d 555, 558 (Pa. Cmwlth. 2007). We similarly review issues involving a witness subpoena for an error of law or an abuse of discretion. *Zukoski v. Unemployment Comp. Bd. of Rev.*, 525 A.2d 1279, 1280 (Pa. Cmwlth. 1987).

Instantly, Claimant, despite receiving the hearing file 4 months before the hearing, requested a continuance on the basis that 15 minutes before the hearing was insufficient time to review the file. *See* Email, 2/16/21. We add that Claimant did not identify any documents that he needed additional time to review as to justify a continuance. We agree with the Board that Claimant did not establish "proper cause" for a continuance and therefore, the Referee did not abuse her discretion. *See* 34 Pa. Code § 101.23; *Skowronek*, 921 A.2d at 558.

Further, Mr. Knoebel was present and testified at the hearing, and Claimant questioned Mr. Knoebel. *See, e.g.*, N.T. Referee's Hr'g, at 27. Because Claimant did not explain how he was prejudiced by the delayed subpoena of Mr. Knoebel, he did not establish an error of law or abuse of discretion. *See Zukoski*, 525 A.2d at 1280. Claimant therefore failed to establish "proper cause" for a continuance. *See Skowronek*, 921 A.2d at 558.

**Hearsay Evidence**

Claimant's second issue is that the Referee erred by permitting the hearing file to include hearsay evidence. Claimant refers to emails between Employer, a state legislator's office, and the Department, and argues those emails were hearsay. Specifically, the emails reference Employer contacting the office of State Representative Dan Mouls and questioning why Claimant was approved for

6

unemployment compensation when Claimant retired. Email, 10/1/20, at 2:51 p.m. Representative Mouls' office, in turn, emailed the Department, where the inquiry was forwarded along to the appropriate personnel. *See, e.g.*, Email, 10/1/20, at 7:11 p.m. Eventually, the emails ended with a request by a Department adjudication manager to examine whether the Department properly ruled on Claimant's request for benefits. *See* Email, 10/2/20, at 8:26 a.m. Claimant argues that at the hearing, the Referee erred by admitting the emails after improper sidebar conversations with Employer.

Similar to Claimant's first issue, Claimant waived the issue by raising it for the first time in his request for reconsideration. *See Bedford Downs Mgmt.*, 926 A.2d at 924; *Lewis*, 42 A.3d at 379 n.8. Claimant also waived the issue by not citing to any supporting legal authority. *See Green 'N Grow Composting*, 201 A.3d at 286-97.

In any event, Claimant's issue also lacks merit. We begin by noting that evidentiary challenges, *e.g.*, hearsay, must "be raised and preserved by the litigant at the hearing at the point in the hearing when" admissibility is at issue. *UGI Utils., Inc. v. Unemployment Comp. Bd. of Rev.*, 851 A.2d 240, 251 (Pa. Cmwlth. 2004). Regardless, hearsay evidence admitted without objection may support a Board's findings only if corroborated by other competent record evidence. *Walker v. Unemployment Comp. Bd. of Rev.*, 202 A.3d 896, 902 (Pa. Cmwlth. 2019).

Here, because Claimant did not object to the admission of any documents from the hearing file, he waived any such challenge. *See* N.T. Referee's Hr'g at 4; *UGI Utils.*, 851 A.2d at 215. With respect to Claimant's allegations of improper sidebars, the hearing transcript does not indicate any off-the-record conversations. Regardless, on the merits, Employer presented witnesses who

testified that Claimant voluntarily decided to retire. *See* N.T. Referee's Hr'g at 25, 31, 34-35. Therefore, to the extent hearsay evidence was admitted without objection, *i.e.*, the emails at issue, the testimony of Employer's witnesses supports the Board's finding that Claimant voluntarily left "work without cause of a necessitous and compelling nature." *See Walker*, 202 A.3d at 902. For these reasons, Claimant is due no relief.

## Sufficiency of the Evidence

For his last issue, Claimant refers this Court to exhibits that Claimant construes as contradicting Employer's assertions that he emptied his office and retired. Specifically, these exhibits are comprised of various emails, letters, timesheets, and earning statements that Claimant argues established that he continued to work for Employer. We acknowledge that the Board and Referee did not explicitly render any findings rejecting Claimant's exhibits.

It is well settled that under Section 402(b) of the Law, "when an employee is terminated or quits, the factual matrix at the time of separation governs as to whether a claimant is entitled to benefits, and the relevant inquiry in determining the cause of a claimant's unemployment is confined to the surrounding circumstances existing at the time of the claimant's departure." *Hussey Copper Ltd. v. Unemployment Comp. Bd. of Rev.*, 718 A.2d 894, 899 (Pa. Cmwlth. 1998) (cleaned up). "A claimant seeking unemployment compensation benefits bears the burden of establishing either that (1) his separation from employment was involuntary or (2) his separation was voluntary but he had cause of a necessitous or compelling nature that led him to discontinue the relationship. [T]he claimant bears the burden of proving separation from employment[.]" *Greenray Indus. v.*

8

*Unemployment Comp. Bd. of Rev.*, 135 A.3d 1140, 1143 (Pa. Cmwlth. 2016) (cleaned up).

The Board is permitted to adopt and incorporate the Referee's findings of fact and conclusions of law. *See Sipps v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 479, 481 (Pa. Cmwlth. 2018) (affirming decision in which the Board adopted the Referee's findings and conclusions). In doing so, the *Sipps* Court explained that the Board is the sole fact-finder:

> The [Board] is the ultimate fact-finder in [unemployment compensation] matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence supports the [Board's] findings, they are conclusive on appeal.
>
> Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. In deciding whether there is substantial evidence to support the [Board's] findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence.

*Id.* at 484 (cleaned up).

Instantly, the record supports the Referee's findings, adopted by the Board, that on February 15, 2020, Claimant cleaned out his office and emailed Employer two days later that he was retiring "effective immediately." Referee's Decision/Order, 3/2/21, at 1-2; Ex. to Employer's Email, 11/9/20, at 3:05 p.m. The record also establishes that on March 6, 2020, Claimant reiterated his desire to retire immediately. Ltr., 3/6/20, at 1. Further, Mr. Knoebel and Mr. Picarelli testified that Claimant decided to suddenly retire, and Claimant did not provide documentation of

9

his medical condition. *See, e.g.*, N.T. Referee's Hr'g, at 25, 31, 34-35. Even if Claimant's exhibits contradicted Employer's evidence, we agree with the Board that substantial evidence in the record supports the findings. *See Sipps*, 181 A.3d at 484. Accordingly, we affirm the order of the Board.

LORI A. DUMAS, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John A. Bucanelli, : 
              Petitioner : 
                           : 
      v. : No. 860 C.D. 2021
                           : 
Unemployment Compensation : 
Board of Review, : 
              Respondent : 

## **O R D E R**

AND NOW, this 25th day of April, 2022, the July 9, 2021 order of the Unemployment Compensation Board of Review is affirmed.

_____
LORI A. DUMAS, Judge